BENJAMIN NICHINSON & another *vs.* GEORGE LIMON.

Suffolk.  October 8, 1942. — December 1, 1942.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Equity Jurisdiction,* Interpretation of instrument, Action at law, Remedy at law. *Equity Pleading and Practice,* Appeal.

Upon appeal from a final decree dismissing what was assumed to be a suit in equity for a determination of the parties' rights under a written contract in accordance with G. L. (Ter. Ed.) c. 213, § 3, Tenth A, and Rule 101 of the Superior Court (1932), the question, whether discretion should have been exercised by declining relief was open in this court.

A determination of the parties' rights under a written contract in accordance with G. L. (Ter. Ed.) c. 213, § 3, Tenth A, and Rule 101 of the Superior Court (1932) should be refused where the contract was plain and what the plaintiff really sought was not an interpretation of its

terms but a decree that it was a bar to a pending action at law by the defendant against him.

A suit in equity could not be maintained to enjoin a pending action at law by the defendant against the plaintiff on the ground that the action was plainly barred by a written contract between the parties; the plaintiff had a plain, adequate, and complete remedy at law by pleading the contract in defence to the action.

BILL IN EQUITY, filed in the Superior Court on September 19, 1941.

The suit was heard by *Morton*, J.

*B. Goldman*, for the plaintiffs.

*S. Pearl*, for the defendant.

COX, J. The evidence in this suit is reported. The trial judge made a report of material facts and order for decree, and a final decree was entered dismissing the bill. The plaintiffs appealed.

Allegations of the bill are, in substance, that the defendant was engaged in August, 1937, to tan leather for the plaintiffs, and that he did this work improperly; that on November 12, 1937, the defendant signed an agreement which stated that the leather was "spoiled in the process of manufacturing," and that he would not ask payment for the tanning until the leather was sold by the plaintiffs; that, when the leather was sold, he was to receive the difference between the stated cost of it to the plaintiffs and the selling price, and that, before sale was completed, the question of selling price should be agreed "between both parties." Prior to the signing of this agreement, the parties had a conversation as to the matter, the result of which, it is alleged, was more extensive than the terms of the written agreement. The tanned leather was sold in 1938 and 1939 at less than the stated initial cost to the plaintiffs. On July 31, 1941, the defendant brought an action against the plaintiffs to recover the agreed price for tanning.

Prayers of the bill are, in substance, that the defendant be enjoined from prosecuting his pending action against the plaintiffs, that the court decree that the written agreement is a complete bar to that action and to any claim the defendant may have for the tanning, that, in the alterna-

tive, the written agreement be reformed to express the real agreement and intentions of the parties as expressed in their conversation before the agreement was signed, and that the court decree that the agreement, as reformed, is a complete bar to the defendant's action and that the defendant be enjoined from instituting any other action or proceeding to recover for the tanning.

The trial judge found that the agreement signed by the defendant constituted the agreement between the parties and that there was no mutual mistake of fact relative to its terms. The concluding statement in the report of material facts is: "In view of the foregoing, a decree may be entered dismissing the bill with costs." No question is raised as to the findings on the question of reformation.

The plaintiffs contend, however, that the trial judge should have made a binding determination of the rights of the parties under the written agreement in accordance with G. L. (Ter. Ed.) c. 213, § 3, Tenth A. Rule 101 of the Superior Court (1932). It is to be observed that the bill seeks reformation and injunction, although there is a prayer that the court decree that the written agreement, reformed or unreformed, is a complete bar to the defendant's pending action against the plaintiffs. We have grave doubts, from an examination of the entire evidence, whether the plaintiffs pressed the point or the trial judge understood that they were asking for a categorical interpretation of the terms of the written agreement. In one colloquy between the judge and the plaintiffs' counsel, counsel made it clear that, apart from reformation, the bill sought an injunction against the defendant's pending action. This is as far as the plaintiffs' counsel went. The defendant made no objections to the pleadings, see *Radio Corp. of America* v. *Raytheon Manuf. Co.* 300 Mass. 113, 114, but he did allege that the plaintiffs had a plain, adequate and complete remedy at law. It is doubtful whether anything in the bill calls for an interpretation such as is contemplated by the provisions of the statute and rule hereinbefore referred to.

If we assume, without deciding, that the allegations of the bill bring the suit within the statute and rule, we are

of opinion that there is no error. The rule provides that in its discretion the court, in a particular case, may decline to make a determination of right, stating the reasons therefor. The trial judge did not indicate that he exercised his discretion and stated no reasons. But the plaintiffs' appeal brought the whole case here, and it is within the rule stated in *Merchants Mutual Casualty Co.* v. *Leone,* 298 Mass. 96, at page 100: "If, in our judgment, the discretion reserved to the court under the rule ought to have been exercised by declining to make a determination of right, then the decree dismissing the bill ought to be affirmed, regardless of the reasons upon which it was based." We think that in the exercise of sound judicial discretion, the determination of the rights of the parties, if sought in this bill, ought to be refused.

The language of the written agreement is plain. In fact, it is so plain that one of the contentions of the plaintiffs is that it is a complete bar to the defendant's pending action. If the plaintiffs' contention is sound, then all they need to do is to offer the agreement at the trial of the pending action. We think that what the plaintiffs are really trying to do is not to have the court interpret the terms of the written agreement under the rule, but rather to say that that agreement, plain as to terms (see *In re Amalgamated Society of Railway Servants,* [1910] 2 Ch. 547, 552), is a bar to the pending action. As was said in *Merchants Mutual Casualty Co.* v. *Leone, supra,* at page 101, quoting from what was said in *Guaranty Trust Co. of New York* v. *Hannay & Co.* [1915] 2 K. B. 536, 564: "a declaration that a person is not liable in an existing or possible action is one that will hardly ever be made." See *Lewis* v. *Green,* [1905] 2 Ch. 340, 344; *In re Amalgamated Society of Railway Servants,* [1910] 2 Ch. 547, 552; *Russian Commercial & Industrial Bank* v. *British Bank for Foreign Trade, Ltd.* [1921] 2 A. C. 438, 445, 446, 461–463; *James* v. *Alderton Dock Yards, Ltd.* 256 N. Y. 298, 304–306; *Proctor* v. *Avondale Heights Co.* 200 Ky. 447, 453; *Ladner* v. *Siegel,* 294 Penn. St. 368, 373–375. Compare *Callahan* v. *Broadway National Bank of Chelsea,* 286 Mass. 473, 478, 479.

Ordinarily a suit in equity will not lie to restrain a pending action at law to which there is a perfect defence. *Hooker* v. *Porter*, 271 Mass. 441, 447, and cases cited. Compare *Steinberg* v. *McKay*, 295 Mass. 139, 143, and cases cited; *Potter Press* v. *C. W. Potter, Inc.* 303 Mass. 485, 494. We are of opinion that there was no error in the denial of the prayer for an injunction.

*Decree affirmed with costs.*