KAY L. JACOBY & others *vs.* BABCOCK ARTIFICIAL KIDNEY
CENTER, INC. & others.

Suffolk.    December 5, 1973.—February 6, 1974.

Present:    TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & WILKINS, JJ.

*Equity Jurisdiction,* Declaratory relief, Multiplicity of suits. *Equity
    Pleading and Practice,* Declaratory proceeding, Demurrer, Amend-
    ment, Appeal.

In a suit in equity by a woman and trustees for her for a declaratory decree
    that a defendant corporation operating a medical facility in which the
    plaintiff woman had been a patient was not authorized to operate it or
    to charge her for the services rendered to her there, a demurrer to the bill
    by the corporation was properly sustained by reason of pendency of an
    earlier suit in equity by the corporation against the woman and her
    trustees seeking payment for the services, even though in the earlier suit
    a motion by the woman and her trustees as defendants to amend their
    answer to raise such issue of the corporation's authority had been
    denied without the reasons for the denial being apparent on the record
    [563-565]; and demurrers in the later suit by a defendant hospital with
    which the corporation had an agreement concerning the facility and by
    the Commissioner of Public Health, a defendant, who acquiesced in the
    agreement, were properly sustained for want of a controversy between
    the hospital and the Commissioner and the plaintiffs [565-566].

BILL IN EQUITY filed in the Superior Court on November
17, 1972.

The suit was heard by *Kalus,* J., on demurrer.

*Kirk S. Giffen* for the plaintiffs.

*Evan Y. Semerjian* for Babcock Artificial Kidney Center,
Inc. & another.

*Robert S. Frank, Jr.,* for Peter Bent Brigham Hospital.

*Joseph A. Grasso, Jr.,* Deputy Assistant Attorney General
(*Walter H. Mayo, III,* Assistant Attorney General, with him)
for the Commissioner of Public Health.

REARDON, J. The plaintiffs Kay L. Jacoby, Steven Jacoby,
and Elias H. Jacobs, trustee for Kay L. Jacoby, brought a

bill for declaratory relief in the Superior Court. The judge sustained demurrers of all the defendants and entered a final decree dismissing the bill. The plaintiffs have appealed from the interlocutory decrees and the final decree. The plaintiffs' bill contains the following allegations. The defendant Babcock Artificial Kidney Center, Inc. (Babcock) operates a hemodialysis facility for the treatment of chronic kidney disease. The defendant Peter Bent Brigham Hospital (Peter Bent Brigham) is a duly licensed general hospital and a charitable corporation. Babcock's facility was operated pursuant to an agreement between itself and Peter Bent Brigham which specified that Babcock's facility was to be operated under the license of, and under the supervision of, Peter Bent Brigham. This agreement was made and carried out with the knowledge and acquiescence of the defendant Commissioner of Public Health. The plaintiff Kay L. Jacoby had been a patient of Babcock from February, 1971, through April 21, 1973. An equity suit for payment for services was initiated by Babcock against the plaintiffs. After the plaintiffs (the defendants in the other suit) filed their answers in the earlier case they learned that Babcock was not licensed to operate the hemodialysis center and that a provision in its "Articles of Organization" prohibited such licensing. The plaintiffs attempted to amend their earlier answers to raise the issue of the authority of Babcock to charge for the services rendered to Kay L. Jacoby. The motion to amend the answers was denied. Subsequently the bill which is the subject of this appeal was filed, seeking a declaration that Babcock was not authorized to operate the hemodialysis facility or to charge the plaintiffs for the treatment received by Kay L. Jacoby, and an injunction restraining Babcock from prosecuting the other suit.

The demurrer of Babcock was properly sustained. Paragraphs 1 to 4 of the demurrer set forth sufficient grounds to indicate that the issues raised by the bill essentially deal with the controversy between Babcock and the plaintiffs in the litigation still pending in the Superior Court. It is clear from the bill that this is not a proper case for declaratory relief.

General Laws c. 231A, § 9, inserted by St. 1945, c. 582, § 1, states that the purpose of the provisions for declaratory bills "is to remove, and to afford relief from, uncertainty and insecurity with respect to rights, duties, status and other legal relations." While the chapter is to be liberally construed, and while demurrers should not be lightly sustained in proceedings for declaratory relief, *Greenberg* v. *Assessors of Cambridge,* 360 Mass. 418, 423 (1971), it is apparent from the record in this case that the entire controversy between these parties is already being adjudicated in a separate suit. To provide declaratory relief in this situation would be to transgress the limits within which the remedy is proper.

The controversy between the parties in the pending suit in the Superior Court is in effect identical to the controversy alleged in the plaintiffs' bill, viz., the alleged obligation of the plaintiffs to pay for treatment received. Generally "[a] court cannot declare rights as to matters involved in a prior pending action." Anderson, Actions for Declaratory Judgments (2d ed.) § 209 (1951). While declarations of rights may be appropriate in exceptional cases even when other proceedings are in progress, there is an ordinary presumption against such relief. *East Chop Tennis Club* v. *Massachusetts Commn. Against Discrimination, ante,* 444, 450 (1973), and cases cited. This reluctance to make binding declarations of rights in these circumstances has frequently been enunciated in the context of exhaustion of administrative remedies, e.g., *Selectmen of Truro* v. *Outdoor Advertising Bd.* 346 Mass. 754, 758 (1964), *Johnson Prod. Inc.* v. *City Council of Medford,* 353 Mass. 540, 545 (1968), *East Chop Tennis Club* v. *Massachusetts Commn. Against Discrimination, supra.* In the *East Chop* case we stated that "the existence of . . . [a] dispute alone is insufficient reason to disrupt the ordinary administrative process." *Id.* at 451. This applies a fortiori to pending court proceedings. The declaratory relief procedure was not intended to permit the same claim to be adjudicated in multiple suits. Thus in *Nichinson* v. *Limon,* 312 Mass. 467 (1942), we cited numerous cases from Massachusetts and other jurisdictions for the proposition that "a declaration

that a person is not liable in an existing or possible action is one that will hardly ever be made." *Id.* at 470 (quoting *Guaranty Trust Co. of New York* v. *Hannay & Co.* [1915] 2 K. B. 536, 564). In *Stahler* v. *Sevinor,* 324 Mass. 18 (1949), the defendant in an equity suit concerning the interpretation of a declaration of trust brought a bill for declaratory relief on the same matter. This court held that a plea in abatement to the latter suit was properly sustained, noting: "There would appear to be no good reason why the defendants here should be subjected to both suits. The issues in both are to all intents and purposes the same, and the parties before the court are the same. The fact that Mrs. Stahler, who was named as a defendant in the first case, is a plaintiff in the second, is a matter of no consequence." *Id.* at 23-24. The case before us presents an analogous situation.[1]

The plaintiffs argue that the denial of their motion to amend their answers in the first suit precludes them from raising the question of Babcock's authority as a defence therein and that, therefore, the issue is a proper subject in a separate suit for declaratory relief. We do not believe, however, that the mere refusal of the judge to allow an amendment in a suit to resolve a controversy justifies the commencement of a separate suit on the subject of the proposed amendment. If the plaintiffs were aggrieved by an interlocutory decree of the judge their legitimate redress lay in appeal of that decree, not in a separate suit. It is generally acknowledged that procedures for declaratory relief cannot be used as substitutes for appeal. This has been explicitly stated by courts of other jurisdictions, *Bryarly* v. *State,* 232 Ind. 47 (1953); *Back's Guardian* v. *Bardo,* 234 Ky. 211 (1930); *Fertitta* v. *Brown,* 252 Md. 594 (1968), as well as by

---

[1] In *Adams, Harkness & Hill, Inc.* v. *Northeast Realty Corp.* 361 Mass. 552 (1972), this court affirmed a declaration of rights under a lease. That suit was brought and decided notwithstanding the pendency of an action for rent between the same parties dealing with substantially the same issues. The main concern of that opinion, however, was the proper weight to be given to Municipal Court findings in the action for rent in the decision on the bill for declaratory relief. The possible impropriety of declaratory relief, given the pendency of the rent action, was neither raised by the parties not discussed by the court.

commentators, Borchard, Declaratory Judgments (2d ed.) 355 (1941). The same principle is implied in the Massachusetts cases discussed above denying declaratory relief when other more appropriate proceedings are pending. It is true that the denial of a motion to amend pleadings is within the sound discretion of the judge and will not be lightly reversed. *Fisher* v. *Fisher,* 352 Mass. 592, 594 (1967). While the exercise of that discretion in law actions may be reviewed only on an abuse of discretion, in a suit in equity, such as the case here, "the practice is more liberal. In equity, questions of discretion, like other questions of fact, are open on appeal." *Long* v. *George,* 296 Mass. 574, 579 (1937). See *Abbott* v. *Bean,* 285 Mass. 474 (1934); *Hill* v. *Trustees of Glenwood Cemetery,* 323 Mass. 388 (1948).

The record in this case contains no indication of the reasons for denial of the motion to amend. General Laws c. 231, § 51, provides that amendments to pleadings may be allowed at any time before final judgment to "enable the defendant to make a legal defence." It should be expected that in the normal course of events such amendments will be permitted unless good reason appears to the contrary. It is open to the plaintiffs to renew their motion in the other action. If it is again denied the reasons for that refusal can be examined on appellate review, and if no plausible explanations are presented such a decision may be overturned.[2] Such a course cannot be avoided through the device of a proceeding for declaratory relief.

With respect to the demurrers of the other defendants, it is clear from the record that there is no actual controversy between them and the plaintiffs as required by G. L. c. 231A, § 1. All have connections of varying remoteness with the ar-

---

[2]The standard of review applied to discretionary decisions presents another reason why the matter should not be considered as a matter of declaratory relief. To do so would effectively remove the matter from the sound discretion of the trial judge where it is properly vested in the first instance. Furthermore, appeal from the denial of such an interlocutory decree does not come before the reviewing court until a final decree has been entered. G. L. c. 214, § 26. *Lynde* v. *Vose,* 326 Mass. 621, 622 (1951). To allow declaratory relief on matters which are properly the subject of appeal of interlocutory decrees would be to permit a short cut appeal circumventing the statutes regulating equity practice.

rangement whereby Babcock operates its hemodialysis facility. The only real dispute apparent from the plaintiffs' bill is the payment claimed by Babcock for the treatment of the plaintiff Kay L. Jacoby. While the relationships of the defendants inter se may be relevant in some ways to that dispute, this does not create a controversy between the other defendants and the plaintiffs. Any other questions of the relations of the defendants are matters in which the plaintiffs have no interest and therefore upon which they may not properly seek declaratory relief. *Povey* v. *School Comm. of Medford,* 333 Mass. 70, 71 (1955). It follows that the demurrers of all the defendants were properly sustained.

> *Interlocutory decrees affirmed.*
> *Final decree affirmed.*