Cowin, J.
INTRODUCTION
This is a case involving a request for declaratory judgment brought by the Norfolk & Dedham Group (N&D) against defendants Kori Devoe (Devoe), Jose Lopez (Lopez), Zenon Rodriguez (Rodriguez), and Nancy Vega (Vega). N&D claims that the defendants conspired to defraud it by staging an accident while Lopez was operating a motor vehicle owned by Javor Corporation (Javor). Javor was, at all times material hereto, N&D’s insured and Lopez’s employer.
BACKGROUND
N&D commenced the present action (Superior Court action) on August 7, 1996, seeking declaratory judgment against the four defendants. One of these four defendants, Rodriguez, had previously filed an action in the Lawrence District Court against N&D’s insured to recover for personal injuries sustained in an automobile accident. A second defendant in the present action, Vega, filed an action in the Lawrence District Court two days subsequent to the filing of the Superior Court action. The District Court actions have been stayed pending resolution of the Superior Court action.
The underlying case that is the basis of the District Court action is one for personal injuries from an automobile accident involving Lopez who was driving an automobile owned by Javor Corp., N&D’s insured. Lopez allegedly collided with a station wagon driven by Vega and in which Rodriguez and Devoe were passengers. Rodriguez and Vega both claimed injuries as a result of the accident. Suspicions about the legitimacy of the accident arose almost immediately when a private investigator hired by N&D discovered that defendants Devoe (passenger in Vega’s car) and Lopez (employee of N&D’s insured and driver of its car) shared the same apartment. As the investigation continued, further suspicion was aroused regarding this claim. After the Rodriguez suit was filed in the District Court, N&D decided that there had been a breach of the terms of the insurance contract (allegedly false and fraudulent statements by an employee of its insured).[1]
The defendant moves to dismiss this declaratory judgment action because of the prior pending District Court action.[2]
DISCUSSION
The basis of the present motion is Mass.R.Civ.P. 12(b)(9) which provides for the filing of a motion to dismiss based on the pendency of a prior action in a court of the Commonwealth. The general rule is that *267 a court cannot declare rights as to matters involved in a prior pending action. Jacoby v. Babcock Artificial Kidney Center, Inc., 364 Mass. 561, 563 (1974). “The declaratory relief procedure was not intended to permit the same claim to be adjudicated in multiple suits.” Id.
The instant case is governed by the case of Jacoby, supra. In Jacoby, a health care facility filed suit against a former patient to recover payment for services. The patient in turn brought an action seeking a declaration that the facility was not authorized to charge the patient for those services. The Supreme Judicial Court ruled that the patient’s suit was not a proper one for declaratory relief and stated that “the entire controversy between these parties is already being adjudicated in a separate suit. To provide declaratory relief in this situation would be to transgress the limits within which the remedy is proper.” Id. at 562-63.
The controversy between the parties in the pending suit in the District Court is identical to the controversy alleged in the plaintiffs claim for declaratory relief, i.e., the alleged responsibility of N&D to compensate Rodriguez (on behalf of Javor) for his injuries. N&D’s insured will avoid any responsibility for the accident if said accident were a sham.[3] If the accident were not a sham, N&D has negligence defenses available to it. The situation was the same in Jacoby.
' In short, the present action for declaratory judgment essentially seeks the adjudication of a proposition which is simply a defense in the prior action. Therefore, the Superior Court action is a splitting of the claim or defense which is precisely what Mass.R.Civ.P. 12(b)(9) is designed to preclude.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion to dismiss is ALLOWED.

 Javor, the insured, apparently has not been implicated in the alleged fraud.

For purposes of this decision, it is immaterial whether one or two District Court actions were filed prior to institution of the instant case.

N&D has indicated that its defense in the District Court action is solely one of negligence (or lack thereof); there is no reason N&D cannot amend its answer to include fraud.