van Gestel, J.
These two matters come before the Court on an emergency motion by the defendants in Case No. 03-0547 BLS seeking dismissal of this case pursuant to Mass.R.Civ.P. Rule 12(b)(9). At the same time, there is before the Court a return on an order of notice in the same case as to whether a temporary restraining order granted on January 30, 2003 ought to be continued as a preliminary injunction or vacated.
Additionally, in Case No. 03-0554 BLS the plaintiffs seek a temporary restraining order.
Because of its potential dispository impact on both cases, the Court will address the Rule 12(b)(9) aspect of the defendants’ motion in case No. 03-0547 BLS first.
BACKGROUND
The underlying complaints seek declaratory relief regarding the propriety of the corporate defendants’ implementation of the provisions of a certain Shareholder Rights Agreement, referred to generally as a “Poison Pill.” The plaintiffs here, along with certain others, may shortly be designated as an “Acquiring Person” or as an “Adverse Person” under the Shareholder Rights Agreement and thereby suffer a possible dilution of their shareholder interest in Central Bancorp, Inc.
The plaintiffs’ complaint in case No. 03-0547 BLS was filed at 3:41 p.m. on January 30, 2003. At that time, ex parte, the plaintiffs sought a temporary restraining order (“TRO”) from the Emergency Judge then on duty. The Emergency Judge, prudently, issued the TRO to keep matters in status quo until both sides could have an opportunity to be heard without the occurrence of any irreparable action such as that threatened by the defendants.[1] The order of notice on the TRO was made returnable, on the second business day after its issuance, at 10:00 a.m. on February 3, 2003, in the Business Litigation Session.
The plaintiffs’ complaint in case No. 03-0554 BLS was filed on January 31, 2003, This Court directed that the temporary relief in this case be heard along with the various forms of relief sought in the first case.
On January 31, 2003, the defendants in case No. 03-0547 BLS filed their motion to dismiss this case and vacate the temporary restraining order. This Court scheduled hearing of that motion for the same time as the hearing on the return of the order of notice on the TRO. The Court also considers the essence of the motion to dismiss to apply to case No. 03-0554 BLS as well.
The essence of the motion to dismiss is the filing on January 28, 2003, by the members of a “Special Committee” of the board of directors of Central Bancorp, Inc., of an action in the United States District Court for the District of Massachusetts captioned Nancy D. Neri et al. v. PL Capital, LLC et al., Civil Action No. 03-10179-EFH (the “Federal Action”). All of the plaintiffs, except one, in both actions here were named among the defendants in the Federal Action.[2]
Case No. 03-0547 BLS in the Business Litigation Session is in one count seeking a declaratory judgment and related relief determining whether “under Mass. [G.L.]c. 156B, sec. 65, the determination by Central Bancorp’s ‘Special Committee’ made on January 24, 2003 was made in good faith and in a manner reasonably believed to be in the best interests of the corporation, with the exercise of such care as an ordinarily prudent person in a like position would use under similar circumstances.” Complaint, para. 38.
The complaint originally filed in the Federal Action,[3] also was in just one count, seeking a declaration that “under Mass. Gen. L. ch. 156B, sec. 65, the Board’s determinations concerning the defendants were made in good faith and in a manner reasonably believed to be in the best interests of the corporation, with the exercise of such care as an ordinarily prudent person in a like position would use under similar circumstances.” Federal Complaint, para. 44.
The Federal case and case No. 03-0547 BLS seek essentially identical declaratory relief, regarding the same actions by the Special Committee of the Central Bancorp, Inc. board, and the board itself, considering the same stock acquisitions.
*643 The complaint in case No. 03-554 BLS relates to the same situation also, but seeks injunctive relief as well as a declaration that the plaintiffs there are not an “Acquiring Person” or an “Adverse Person.”
This is a classic situation for which Mass.R.Civ.P. Rule 12(b)(9) was adopted. Mass.R.Civ.P. Rule 12(b)(9) permits a party to move for dismissal of an action because of the “pendency of a prior action in a court of the Commonwealth.” (Emphasis added.) The Federal Action certainly is an action prior in time of filing to the two cases before this Court. Also, aside from perhaps inconsequential issues about some additional claims and parties in each case, the thrust of all three actions is essentially identical. The U.S. District Court, however, is not a court of the Commonwealth. See Doe v. Governor, 381 Mass. 702, 706 (1980).
The Reporter’s Notes to Rule 12(b)(9) include the following:
Rule 12(b)(9) alters . . . principles [that formerly applied to cases in which there were successive proceedings based upon the same facts]. It assumes that the court, rather than the parties, should determine the location of the ultimate litigation; conceivably, for example, the presence in the subsequent action of additional parties might dictate that judicial time and energy would best be conserved by concentrating the litigation in the second court.
This Court gleans from the foregoing, and from the Rule’s language and statements in the case law, see, e.g., Hurwitz v. Bocian, 41 Mass.App.Ct. 365, 368-69 (1996), that it has some degree of discretion to exercise. The plaintiffs’ selection of a forum in a first filed action is generally preferred, see, e.g., Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987). However, here it is argued that the Federal Action was merely an improper “placeholder” suit that ought to be ignored by this Court and dismissed by the Federal Court.
Here, this Court will not ignore the pendency of the Federal Action, nor does it see any special circumstances dictating that it should proceed with either of the two actions before it and thereby set up the potential for differing declarations by two separate judges, after duplicate hearings or trials, on identical issues of facts and law, at least until the Federal Court has an opportunity to consider and signal whether it will proceed with the case before it. See, e.g., Jacoby v. Babcock Artificial Kidney Center, Inc., 364 Mass. 561, 563-64 (1974).
While Rule 12(b)(9) may not be a proper vehicle for dismissal of the two cases here because the prior pending action is not in a court of the Commonwealth, there certainly is no reason to proceed further with those actions until there is some indication — which there is absolutely none now — that matters are not moving forward in the Federal Court. At the same time, while the Federal Court is considering its position, this Court ought not let actions be taken or occur that could make the efforts of both the Federal and State courts meaningless. That being the case, this Court should not act in any way that interferes with the Federal proceeding. A stay, and a short extension of the TRO as a preliminary injunction in case No. 03-0547 BLS, and a stay after the granting of an essentially identical preliminary injunction[4] in case No. 03-0554 BLS, all pending action in the Federal Court on injunctive relief, dismissal or otherwise, seems appropriate.
All parties agree that case No. 03-0547 BLS and case No. 03-0554 BLS should be consolidated for all purposes.
ORDER
The two cases captioned above are hereby ORDERED consolidated for all purposes.
Also, for the foregoing reasons, the defendants’ emergency motion to dismiss on Rule 12(b)(9) grounds is DENIED in case No. 03-0547 BLS, and would be denied if filed in case No. 03-0554 BLS; however, both cases are hereby STAYED, and the temporary restraining in case No. 03-0547 BLS is extended as a preliminary injunction until March 31, 2003, or pending resolution of issues regarding injunctive relief or dismissal in Federal Action No. 03-10179-EFH, whichever first occurs.
Similarly a preliminary injunction in essentially identical words and for an identical period of time, is issued in case No. 03-0554 BLS, reading:
The defendants, their agents, servants and attorneys, are preliminarily enjoined from making any announcement with respect to PL Capital, LLC, Richard Lashley, John W. Palmer, Richard Frates and Garrett Goodbody as an Adverse Party, or in any other way triggering or attempting to trigger the Poison Pill.

He was advised that Thomas J. Dougherty, counsel for the defendants, had, in writing, threatened to trigger the Poison Pill process “should they ... file legal action against the Company or any of its directors in regard to this demand.”

It does not appear that the Emergency Judge who granted the TRO in case No. 03-0547 BLS was made aware of the prtor filed Federal Action or its relationship to this action.

This Court was advised at the oral argument on these various motions that the Federal complaint has now been amended to add a count under one of the Federal securities laws and to add another party defendant.

Since all parties were present, and had a full opportunity to be heard, the plaintiffs’ request for a temporary restraining order in case No. 03-0554 BLS is treated as a hearing on a preliminary injunction.