NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11611

FREIDRICH LU  vs.  CITY OF BOSTON & others.[1]

July 17, 2014.

Supreme Judicial Court, Superintendence of inferior courts.
     Declaratory Relief.  Practice, Civil, Pendency of prior
     action.

     The plaintiff, Freidrich Lu, filed a complaint in the county court pursuant to G. L. c. 231A, § 1, essentially seeking a judgment declaring that the Trustees of the Boston Public Library (trustees) are not a subsidiary corporation, division or unit of the city of Boston (city), that the trustees and the city "are two separate, independent legal entities," and that members of the city of Boston Law Department (law department) may not provide legal representation to the trustees or library employees.  A single justice of this court denied Lu's motion for summary judgment, dismissed the complaint, and denied postjudgment relief.  Lu appeals.  We affirm.

     Background.  This declaratory judgment action has its genesis in a civil rights action that Lu commenced in the United States District Court for the District of Massachusetts against the defendant trustees and a library employee, defendant George

_____

     [1] Thomas M. Menino, individually and in his capacity as the city's mayor; William F. Sinnott, individually and in his capacity as the city's corporation counsel; Caroline Driscoll, individually and in her capacity as the city's assistant corporation counsel; Trustees of the Boston Public Library; and George Hulme, individually and in his capacity as security director of the library.  The Boston Public Health Commission; Local 1526, American Federation of State, County, and Municipal Employees; Boston Public Library Professional Staff Association; and the Department of Labor Relations also were named as defendants, but did not appear.

Hulme.  In general, Lu alleged that, in violation of his civil rights, he was denied entrance to the Boston Public Library.  A judge of that court denied Lu's motion seeking disqualification of the law department as counsel for the trustees and Hulme, and concluded that "[t]he [t]rustees constitute a municipal entity that oversees the Library as a department of the [c]ity of Boston," and that the law department may represent the trustees and Hulme.  Lu then commenced this action in the county court, seeking a contrary determination.

Discussion.  The complaint in this case essentially deals with the same controversy that exists between the parties in the Federal litigation.  As such, it does not present a proper occasion for declaratory relief.  Jacoby v. Babcock Artificial Kidney Ctr., Inc., 364 Mass. 561, 562 (1974).  The single justice correctly concluded that:

> "For all practical purposes, the only 'actual controversy' the plaintiff claims is his challenge to the [Federal] judge's denial of his motion to disqualify counsel, which he seeks to undermine by obtaining a contrary legal determination from this court regarding the relationship between the [t]rustees and the [c]ity of Boston.  This is not an appropriate ground to bring a declaratory judgment claim.  If the plaintiff wishes to appeal [the Federal District Court judge's] denial of his motion to disqualify counsel, he must do so within the Federal appellate process; he may not, in essence, appeal that decision through a declaratory judgment action in this court.  In short, an appeal from an interlocutory order in a Federal court is not an appropriate 'controversy' that may be resolved by a declaratory judgment in this court."

Not only is an action seeking declaratory relief not a substitute for an appeal, Jacoby v. Babcock Artificial Kidney Ctr., Inc., supra at 564, but where other proceedings are pending, there "is an ordinary presumption against such relief." Norcisa v. Selectmen of Provincetown, 368 Mass. 161, 172 (1975), quoting Jacoby v. Babcock Artificial Kidney Ctr., Inc., supra at 563.  In short, "[t]he declaratory relief procedure was not intended to permit the same claim to be adjudicated in multiple suits." Id.  See G. L. c. 231A, § 3 (declaratory relief appropriately denied when declaratory judgment "would not terminate the uncertainty or controversy giving rise to the proceedings or for other sufficient reasons").  A declaratory judgment action cannot be used as a "short cut appeal circumventing" procedures regulating the review of an

interlocutory order denying a motion to disqualify counsel. Jacoby v. Babcock Artificial Kidney Ctr., Inc., supra at 565 n.2.[2]

The single justice properly declined to exercise jurisdiction under G. L. c. 231A to make declaration as to a matter involved in a prior pending matter in the Federal court.[3]

Judgment affirmed.

Friedrich Lu, pro se.
David Waterfall, Assistant Corporation Counsel, for the defendants.

---

[2] The situation would be different if the Federal court judge had not decided the State law issue on the motion for disqualification, and had left it to be decided by the State courts. Libertarian Ass'n of Mass. v. Secretary of the Commonwealth, 462 Mass. 538 (2012); England v. Louisiana State Bd. of Med. Examiners, 375 U.S. 411 (1964). However, the Federal judge decided the State law issue in this case, which he undoubtedly had the authority to do. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349 (1988) ("[F]ederal courts [have power] to decide [S]tate-law claims in cases that also present [F]ederal questions").

[3] We decline to address issues or arguments raised on appeal that were not presented to the single justice.