MARK STOLPINSKI & another[1] *vs.* KATHLEEN McGILLICUDDY & another.[2] June 30, 1997. *Supreme Judicial Court,* Appeal from order of single justice.

The plaintiffs, who had unsuccessfully sought relief in the Appeals Court from an interlocutory ruling of a Superior Court judge denying their motion to amend their complaint, now appeal to the full court under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from a single justice's denial of relief under G. L. c. 211, § 3. Review under rule 2:21 (1) by the full court may be sought when a single justice has denied "relief from a challenged interlocutory ruling in the *trial* court and does not report the denial of relief to the full court" (emphasis added).

In their request for relief under G. L. c. 211, § 3, the plaintiffs referred to the denial of their motion to amend in the Superior Court, as well as to the denial of their petition for interlocutory relief (and the following reconsideration) in the Appeals Court. We could, as a matter of form, treat their present appeal as being beyond the scope of rule 2:21 because of the involvement of the Appeals Court; but we do not do so in this instance because the plaintiffs focus their argument to the full court on the propriety of the denial of their motion to amend, not on the denial of their request for relief in the Appeals Court.

Nevertheless, rule 2:21 (2) also requires that the plaintiffs set forth reasons why "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." Although the plaintiffs have stated in their memorandum that they "have exhausted all avenues for appellate review," we do not consider that conclusory statement to be adequate under the rule. Moreover, review of the denial of a motion to amend may be obtained on appeal following trial. See *Goulet* v. *Whitin Mach. Works, Inc.*, 399 Mass. 547, 549-554 (1987); *Castellucci* v. *United States Fid. & Guar. Co.*, 372 Mass. 288, 289-292 (1977); *Wiska* v. *St. Stanislaus Social Club, Inc.*, 7 Mass. App. Ct. 813, 819 (1979).

In addition, the plaintiffs have not demonstrated that the single justice abused his discretion or committed a clear error of law. *Greco* v. *Suffolk*

---

[1]Susan Stolpinski.
[2]Peter D. McGillicuddy.

Div. of the Probate & Family Court Dep't, 418 Mass. 153, 156 (1994), and cases cited.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Albert Auburn* for the plaintiffs.