*Maria Rosenthal,* pro se.

KATE KOL & another[1] *vs.* BAIJ JOSHI & another.[2] April 22, 2003. *Supreme Judicial Court,* Appeal from order of single justice. *Summary Process,* Appeal.

Kate and David Kol appeal from a judgment of a single justice of this court denying their petition under G. L. c. 211, § 3. We dismiss the appeal as moot.

[1]David Kol.

[2]Shubj Joshi.

This case arises from a summary process action between the Kols and their landlords, Baij and Shubj Joshi. Among the issues in that action were whether the Kols' apartment met certain health code standards and whether the Kols had denied the Joshis access to the apartment to make the necessary repairs. On September 12, 2002, a Brookline District Court judge ordered the Kols to allow the Joshis to enter the apartment on September 19, 2002, to address the Kols' concerns. On September 17, 2002, the Kols filed their petition, asking the single justice to stay the judge's order for ten days so that the Kols could move to amend the order. They contended that the order did not obligate the Joshis to make the requested repairs. In addition, the Kols wanted the order to state that Baij Joshi would not be present on September 19, because he allegedly had threatened them in the past. Contrary to the Kols's contentions, the order, as originally issued, indeed required the Joshis to address the Kols's concerns. Moreover, the order, as amended, stated that the parties had agreed that Baij Joshi would not be present. On September 18, 2002, the single justice denied the Kols's petition without a hearing. According to the Kols, on September 24, the District Court entered a summary process judgment against them for nonpayment of rent.[3]

The Kols have filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Because the date ordered by the District Court judge for the Kols to make their apartment available for repairs has passed, and because of the subsequent summary process judgment, the stay requested by the Kols in their petition under G. L. c. 211, § 3, has become academic. See *Rasten* v. *Northeastern Univ.*, 432 Mass. 1003 (2000), cert. denied, 531 U.S. 1168 (2001). In any event, on the record before us (which is substantially the same as that before the single justice), we can conclude that the single justice neither abused his discretion nor made other error of law. The Kols failed to ask the District Court judge to stay her order and instead proceeded directly to the single justice. Cf. *id.* (petitioner requested continuance in Boston Municipal Court before filing her G. L. c. 211, § 3, petition for the same relief). Moreover, the Kols failed to demonstrate that the judge's order was flawed as claimed.

*Appeal dismissed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*David Kol & Kate Kol*, pro se.

---

[3]The Kols' motion for relief from contempt was filed after their notice of appeal from the single justice's judgment and, therefore, is not before us on appeal.

