*Elizabeth M. Clague* for Patricia Gifford.

RICHARD ABRAHAM & another[1] *vs.* LINDA BATES & others.[2] June 19, 2008. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Civil,* Amendment. *Judge.*

The petitioners, Richard and Jacqueline Abraham, appeal from a judgment of a single justice of this court denying their petition under G. L. c. 211, § 3. We affirm.

---

[1]In this appeal, the wife presses only the denial of a stay, and not the denial of other relief.

[1]Jacqueline Abraham.

[2]William McMullin, Svend Feddrich and David Thomas.

The petitioners filed their petition in the county court after a judge in the underlying case in the trial court denied their motion to amend their complaint. In addition to seeking an order from the single justice allowing them to amend their complaint, the petitioners also sought to have the judge currently presiding over the trial court proceedings removed, and asked the single justice to stay the trial, then scheduled to begin on March 31, 2008. There is no indication on the docket that the petitioners moved in the trial court for recusal of the judge or for a stay of the proceedings.[3]

It is unclear whether the petitioners' written submission to this court is intended as a brief or as a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a showing that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Regardless whether rule 2:21 applies, however, the petitioners have not made such a showing. Even if they had moved in the trial court for the judge to recuse himself, they have offered no reason why the denial of such a motion, as well as the denial of the motion to amend their complaint, could not be adequately addressed in a direct appeal from any adverse judgment. See, e.g., *Stolpinski* v. *McGillicuddy*, 425 Mass. 1002, 1002 (1997), and cases cited. See also *Bloise* v. *Bloise*, 437 Mass. 1010, 1010 (2002), citing *Doten* v. *Plymouth Div. of the Probate & Family Court Dep't*, 395 Mass. 1001 (1985). The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Richard Abraham & Jacqueline Abraham*, pro se.

[3]The trial took place as scheduled, and a judgment on a jury verdict for the petitioners in part and for the defendants in part was entered on April 16, 2008. Any claim that the single justice erred in declining to stay the trial has thus been rendered moot. *Rasten* v. *Northeastern Univ.*, 432 Mass. 1003 (2000), cert. denied, 531 U.S. 1168 (2001).

