ANTHONY MARTIN vs. COMMONWEALTH. December 9, 2008. *Supreme Judicial Court, Superintendence of inferior courts. Moot Question.*

Anthony Martin appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. Martin, shortly before his jury trial on multiple indictments charging aggravated rape and one indictment charging kidnapping,[1] requested that he be permitted to hold a

---

[1] The Commonwealth had nol prossed other offenses.

small Bible during the trial. The trial judge denied the request, and Martin's petition sought relief from that ruling. Martin has since been convicted on all counts.[2]

The case is now before this court pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Martin candidly acknowledges that the case is moot in the sense that the relief he sought can no longer be granted because the trial has concluded. See *Rasten* v. *Northeastern Univ.*, 432 Mass. 1003 (2000), cert. denied, 531 U.S. 1168 (2001). Although this court has on occasion considered significant issues in moot cases, we only do so where the issue has been "fully argued on both sides, where the question was certain, or at least very likely, to arise again in similar factual circumstances, and especially where appellate review could not be obtained before the recurring question would again be moot." *Lockhart* v. *Attorney Gen.*, 390 Mass. 780, 783 (1984). We are particularly reluctant to decide a moot issue where, as in this case, the issue is of constitutional dimension. *Id.* at 784. We decline to exercise our discretion to do so here.

*Appeal dismissed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Beth L. Eisenberg* for the petitioner.


---

[2]As to one of the aggravated rape indictments, Martin was convicted of a lesser included offense.