*Raymond P. Vinnie,* pro se.

SHANNON EWING vs. COMMONWEALTH. August 5, 2009. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

The petitioner, Shannon Ewing, appeals from a judgment of a single justice of this court dismissing as moot his petition pursuant to G. L. c. 211, § 3. He

---

has filed a memorandum pursuant to S.J.C. Rule 2:21, as amended, 434 Mass 1301 (2001). We affirm.

In his petition to the county court, the petitioner sought an order from the single justice directing the Superior Court for Essex County to act on the petitioner's fourth motion for a new trial, which was then pending. (The petitioner's previous motions for a new trial were denied.) After the petition was filed but before the single justice had acted on it, a judge in the Superior Court denied the petitioner's motion for a new trial. The single justice thereafter dismissed the petition as moot.

In his appeal from that dismissal, the petitioner states that the Superior Court also failed to act on two motions that were filed with his motion for a new trial — a motion for counsel and a motion for funds. The Superior Court docket does not indicate the filing of separate motions for counsel and funds. It reflects only the filing of a motion for a new trial. Furthermore, the petitioner did not discuss these separate requests in his G. L. c. 211, § 3, petition. There he only asked the single justice to order the Superior Court to act on his motion for a new trial. We decline to address issues and arguments that were not before the single justice. *Milton* v. *Boston*, 427 Mass. 1016, 1017 (1998). In any event, the petitioner's request that we order the judge to act on the motions for counsel and funds is academic at this point. See *Rasten* v. *Northeastern Univ.*, 432 Mass. 1003 (2000), cert. denied, 531 U.S. 1168 (2001). The denial of the motion for a new trial effectively was a denial of any request for counsel and funds as well.

The single justice did not err or abuse her discretion in denying relief pursuant to G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Shannon Ewing*, pro se.