Singh, J.
Seeking to obtain a show dog for their daughter, Heather J. Keane and Christopher Keane (collectively, “Keanes”) negotiated with Mark Waggoner and Jacqulyn Waggoner (collectively, ‘Waggoners”) to purchase a purebred miniature long-haired dachshund named Devine. According to their agreement, the Waggoners retained certain breeding rights after transfer of Devine to the Keanes. Shortly after the Keanes received Devine, however, issues arose. The Keanes accused the Waggoners of having deceived them as to Devine’s pedigree. The Waggoners countered that the Keanes had failed to honor their breeding rights and had further attempted to ruin their reputation by spreading lies about their business dealings. After trial, a jury found the Keanes liable to Vom Daxi Haus, LLC for breach of contract. The Keanes appealed on the basis that they had never entered into such a contract. We agree and, as a result, vacate the judgment. We also reverse the order dismissing the actual parties to the contract from the case and remand the matter for trial.
This case began with the Keanes filing a small claims action for breach of contract, fraud, and violation of G.L.c. 93A against the Waggoners and “Vom Daxi Haus.” The Waggoners had the case transferred to the regular civil session. Once there, an answer was filed on behalf of the Waggoners and “Vom Daxi Haus, LLC.” Additionally, Vom Daxi Haus, LLC brought a claim against Heather J. Keane for breach of contract; Jacqulyn Waggoner counterclaimed against Heather J. Keane for defamation. The Keanes’ claims against the Waggoners were dismissed prior to trial. At trial, the Keanes’ motion for directed verdict was denied. After trial, a jury returned a verdict in favor of Vom Daxi Haus, LLC and against Heather J. Keane for *213 breach of contract.[4] After the court denied their motion for judgment notwithstanding the verdict or new trial, the Keanes appealed.
We agree with the Keanes that the claim of Vom Daxi Haus, LLC for breach of contract should not have gone to the jury as there was insufficient evidence that Vom Daxi Haus, LLC was a party to the contract. See T. Butera Auburn, LLC v. Williams, 83 Mass. App. Ct. 496, 501 (2012) (standard of review on motion for judgment notwithstanding verdict and motion for directed verdict is same: whether reasonable inference could be drawn in favor of nonmoving party); Smith v. Wright, 2013 Mass. App. Div. 24, 27; Mass. R. Civ. P. 50. Instead, the evidence tended to show, at most, that the Waggoners were acting as individuals under a trade name.
It is well established that individuals acting on behalf of a corporate entity have the burden to disclose such representative capacity; otherwise, they may be held personally liable. Atlantic Salmon A/S v. Curran, 32 Mass. App. Ct. 488, 493 (1992); Mechanical Servo Eng’rs, Inc. v. Fineberg Mgt., Inc., 1999 Mass. App. Div. 109, 110. Here, there was no evidence presented at trial from which the jury could have inferred that the Waggoners were acting on behalf of a corporate entity. The contract that was admitted into evidence listed the seller as Jacqulyn Waggoner, without any indication of representative capacity. While the contract referenced “Jacqulyn Waggoner Family of Vom Daxi Haus,” ‘Vom Daxi Haus,” and ‘Vom Daxi Haus Lildoxis,” it made no reference to Vom Daxi Haus, LLC. Likewise, the website referenced in the contract and the communications between the parties surrounding the contract also made no reference to Vom Daxi Haus, LLC. There was no evidence presented at trial that the Waggoners at any point put the Keanes on notice that they were acting on behalf of a corporate entity, rather than as individuals who did business under a trade name.
Vom Daxi Haus, LLC simply argues that the Keanes were educated and experienced with business matters and therefore could have determined for themselves that it was registered as a domestic limited liability company in the state of Wisconsin. However, the onus was not on the Keanes to determine with whom they were dealing; rather, the Waggoners bore the burden, if they were to avoid personal liability, to disclose fully the identity of the principal on whose behalf they were acting. Atlantic Salmon A/S, supra at 493. And it does not matter that the Keanes, through research, may have had the means to discover the information; by entering into the agreement without disclosing that they were acting on behalf of a corporate entity, the Waggoners assumed personal liability. Id. As there was no evidence presented at trial that Vom Daxi Haus, LLC was a party to the contract, the judgment in its favor is vacated.
*214 Moreover, the pretrial order dismissing the Keanes’ claims against the Waggoners must also be reversed. The order was based on the motion of the Waggoners indicating that they could not be held liable in their individual capacities because, in entering into the contract, they were merely acting as agents for Yom Daxi Haus, LLC. Attached to their supporting memorandum, the Waggoners presented a document from the Wisconsin Department of Financial Institutions, referencing Yom Daxi Haus, LLC as a registered domestic limited liability company. The Keanes opposed the motion with an affidavit indicating that they had no knowledge of the corporate entity and that the Waggoners had not disclosed the existence of it, either within the terms of the contract or by any other means. Whether treated as a motion to dismiss under Mass. R. Civ. R, Rule 12, or as one for summary judgment under Mass. R. Civ. E, Rule 56, see Ajemian v. Yahoo!, Inc., 83 Mass. App. Ct. 565, 566 (2013) (motion to dismiss may be converted to one for summary judgment if evidence in addition to pleadings is presented), the Waggoners failed to establish that, as a matter of law, the Keanes could not maintain an action against them. See Vranos v. Skinner, 77 Mass. App. Ct. 280, 282 & 291 (2010) (pleadings on motion to dismiss and evidence on motion for summary judgment to be viewed in light most favorable to nonmoving party). The existence of the corporate entity, in and of itself, did not shield the Waggoners from personal liability, particularly where there was no evidence presented that the corporate entity had entered into the contract in question.
We therefore return the case for trial on the Keanes’ claims against the Waggoners.[5]

 The jury returned verdicts against the Keanes on their claims for breach of contract and fraud, and against Jacqulyn Waggoner on her claim for defamation. There appears to have been no adjudication of the Keanes’ G.L.c. 93A claim, despite the filing of proposed findings and rulings. As such, there was no final judgment to allow an appeal to go forward. See Culley v. Cato, 460 Mass. 1009, 1011 (2011) (parties had no final judgment from which to appeal where G.L.c. 93A claim remained outstanding). As there was no objection, and in the interests of judicial economy, we address the merits.

 Given our disposition of the appeal, we need not address the remaining claims.