The case was submitted on the papers filed, accompanied by a memorandum of law.
**1038 The petitioner, Mac S. Hudson, appeals from the judgment of a single justice of *456 this court denying his petition for relief pursuant to G. L. c. 211, § 3. We dismiss the appeal as moot.
The petitioner is a prisoner at the Massachusetts Correctional Institution, Concord. He filed a complaint in the Superior Court, pursuant to G. L. c. 249, § 4, seeking review of a certain inmate disciplinary report against him. A Superior Court judge denied the petitioner's motion to amend the complaint, and a single justice of the Appeals Court denied his petition seeking interlocutory review of that ruling under G. L. c. 231, § 118, first par.[2] The petitioner thereafter filed a petition in the county court, pursuant to G. L. c. 211, § 3, seeking relief from the Superior Court's order. A single justice of this court denied the petition on the ground that the "petitioner has an adequate, alternate remedy and extraordinary circumstances are not present." See Mirrione v. Jacobs, 446 Mass. 1001, 1001, 841 N.E.2d 1255 (2006), quoting Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019-1020, 672 N.E.2d 535 (1996) ("Review under G. L. c. 211, § 3, does not lie where review under [G. L.] c. 231, § 118, would suffice"). See also Stolpinski v. McGillicuddy, 425 Mass. 1002, 1002, 680 N.E.2d 933 (1997) (denial of motion to amend complaint may be addressed on direct appeal). The petitioner appeals.[3]
After the single justice denied relief, the underlying inmate disciplinary report was dismissed, the guilty finding was expunged from the petitioner's administrative record, and the amount he was ordered to pay in restitution was returned to his institutional account. The respondents moved in the Superior Court to dismiss the certiorari complaint as moot, and the petitioner consented to the dismissal of the disciplinary report and expungement of his record. The judge dismissed the complaint on the ground of mootness, and final judgment to that effect has entered.
The case is now before us on the respondents' motion to dismiss the petitioner's appeal from the judgment of the single justice. Where the underlying disciplinary report has been dismissed, and the complaint seeking certiorari review is no longer pending, the appeal is moot in the sense that the relief the petitioner sought from the single justice, i.e., leave to amend his complaint, can no longer be granted. See Martin v. Commonwealth, 452 Mass. 1028, 1029, 897 N.E.2d 991 (2008). It is also moot with respect to the original certiorari complaint that was filed; the dismissal of the disciplinary report, "in effect, rendered moot any **1039 defects in the underlying proceedings."[4] Burns v. Commonwealth, 430 Mass. 444, 447, 720 N.E.2d 798 (1999).
Appeal dismissed.
According to the G. L. c. 211, § 3, petition, the proposed amendments generally sought to correct certain "deficiencies" in the petitioner's complaint, to raise additional claims related to the disciplinary hearing, and to add other claims concerning alleged retaliation and other disciplinary proceedings. The petitioner argued that relief was warranted under c. 211, § 3, because, if those matters were not joined in the Superior Court proceeding, applicable limitations periods or principles of claim preclusion might impede his ability to assert them.
The petitioner's appeal is subject to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which applies where, as here, a single justice denies relief from an interlocutory ruling of the trial court.
The petitioner opposes dismissal of this appeal. He continues to assert that the Superior Court judge erred in denying his motion to amend the complaint to add additional claims. That issue can be or could have been raised as part of a direct appeal from the judgment dismissing the complaint. Particularly in a circumstance where judgment already has entered, there is no basis on which to conclude that the ordinary appellate process is inadequate to obtain review of the petitioner's claim.