NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12854

WILLIAM ROBERTS  vs.  HINGHAM DIVISION OF THE
DISTRICT COURT DEPARTMENT & others.[1]


October 14, 2020.


Supreme Judicial Court, Superintendence of inferior courts.
     Practice, Criminal, Complaint.


     The petitioner, William Roberts, appeals from a judgment of a single justice of this court denying his petition for extraordinary relief pursuant to G. L. c. 211, § 3.  We affirm.

     The petition arises from a criminal case that has been pending against Roberts since April 2016.[2]  The criminal case was commenced in the Hingham Division of the District Court Department and has been transferred twice, first to the Brockton Division in August 2019, and then to the Plymouth Division in September 2019, where it remains pending.  The transfers appear to have been prompted by the fact that Roberts has sought criminal complaints against many of the judges, prosecutors,

_____

     [1] Brockton, Plymouth, and Stoughton Divisions of the District Court Department, various court personnel, and seven judges; district attorney for the Plymouth district and four assistant district attorneys; and Scituate police department and three of its officers.

     [2] Roberts is charged with one count of assault and battery by means of a dangerous weapon on a person sixty years of age or older, one count of assault and battery on an elderly or disabled person, two counts of malicious destruction of property, and one count of threatening to commit a crime.

police officers, and others involved in his criminal case, creating a potential conflict of interest.

In September 2019, Roberts filed in the county court a "Petition, Pursuant to G. L. c. 211, [§] 3, to Inform the Court of Judicial Misconduct, Prosecutorial Misconduct, Alleged Criminal Activities, General Malfeasance, Denial of Due Process Rights, and to Seek Remedies and Orders," along with a request for continuance of a hearing that had been scheduled on his applications for criminal complaints. A single justice denied the request for continuance and took the petition under advisement. Roberts submitted a number of additional filings, including additional exhibits, an addendum to the petition with a memorandum of law, and a further petition pursuant to G. L. c. 211, § 3. Some of the respondents filed an opposition, and Roberts filed a response to the opposition.

The thrust of Roberts's claims is that the respondents have engaged in a conspiracy to deprive him of due process in his criminal matter and in his efforts to apply for criminal complaints, among other things, by failing to rule on certain discovery motions or to order certain discovery, by delaying his trial in violation of his constitutional right to a speedy trial, by preventing him from filing applications for criminal complaints against certain individuals, and by failing to allow him adequate time to prepare for the hearing on his applications for criminal complaints.[3]

The single justice denied the petition without a hearing, and Roberts now appeals.[4] On appeal, Roberts argues that the single justice abused his discretion in denying relief because the single justice "was presented with more than sufficient evidence that [Roberts] was deprived of his Due Process Rights in the District Court(s) via Prosecutorial Misconduct, Judicial Misconduct, and other forms of malfeasance." Roberts further

---

[3] After his request for continuance was denied, Roberts failed to attend the scheduled hearing, and his applications for criminal complaints were denied by the clerk-magistrate presiding over the hearing.

[4] Roberts has not filed a record appendix as required by Mass. R. A. P. 18, as appearing in 481 Mass. 1637 (2019). Although we do not base our decision on that omission, we remind all litigants, whether or not represented by counsel, that they are required to comply with the rules of court.

argues that he lacked an adequate remedy in the trial court and in the normal course of appeal because many of his motions were ignored, the case was transferred two times in ninety days, and two judges recused themselves for bias.

"General superintendence relief pursuant to G. L. c. 211, § 3, is extraordinary.  We will not disturb the single justice's denial of relief absent a clear error of law or abuse of discretion."  Culley v. Cato, 460 Mass. 1009, 1010 (2011).  "A petitioner seeking relief under the statute must demonstrate both a substantial claim of violation of [his or her] substantive rights and error that cannot be remedied under the ordinary review process" (quotations and citation omitted).  Id.

Here, Roberts had adequate alternative avenues to seek the relief he requests in connection with the criminal case against him.  See, e.g., Culley, 460 Mass. at 1010-1011 ("A claim that a judge should have recused himself or that a ruling should be vacated due to bias or other misconduct on the part of the judge is generally one that can adequately be raised in the ordinary course of appeal"); Lewis v. Commonwealth, 460 Mass. 1008, 1008 (2011) (affirming denial of relief pursuant to G. L. c. 211, § 3, where claimed discovery violations could be remedied on direct appeal from criminal conviction); Stevens v. Commonwealth, 450 Mass. 1012, 1013 (2007) (criminal defendant may seek to vindicate his or her right to speedy trial through motion in trial court, and if violation occurs, it can be remedied on appeal from adverse judgment).

With respect to his applications for criminal complaints, Roberts has no statutory right to appeal from or to seek rehearing or review of the denial of those complaints by a clerk-magistrate, see Bradford v. Knights, 427 Mass. 748, 750 (1998), citing G. L. c. 218, §§ 35, 35A, and this court has "consistently declined to review, under the authority given to us by G. L. c. 211, § 3, refusals to issue complaints," Bradford, supra at 752.  However, as a matter of District Court practice, Roberts had an opportunity to request a redetermination of the matter by a judge.  See standard 3:22 of the District Court Standards of Judicial Practice:  The Complaint Procedure (amended Oct. 1, 2008).

In sum, the extraordinary remedy of general superintendence was not required in light of these alternatives, and the single justice correctly denied the petition on that basis.

Judgment affirmed.

The case was submitted on briefs.

William Roberts, pro se.

Abrisham Eshghi, Assistant Attorney General, for Hingham Division of the District Court Department & others.

Arthur J. Roberts, pro se, amicus curiae, submitted a brief.