NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13431

JETHRO DAVIS  vs.  LEANNE M. NOONAN.


November 21, 2023.


Supreme Judicial Court, Superintendence of inferior courts.
    District Court, Clerk-magistrate.  Practice, Criminal,
    Complaint, Issuance of process.


     The petitioner, Jethro Davis, filed a petition in the
county court, pursuant to G. L. c. 211, § 3, seeking relief from
denial of his application for a criminal complaint.  The
petition was denied without a hearing by a single justice of
this court.  We affirm.

     Davis filed an application in the District Court seeking a
criminal complaint against the respondent on three counts.  The
clerk-magistrate in the District Court did not issue the
requested complaint, finding no probable cause to support the
first two counts, and referring the third count to the district
attorney's office on the basis that it was a felony offense over
which the District Court did not have final jurisdiction.
Thereafter, Davis filed the instant petition seeking relief from
the clerk-magistrate's determination that no probable cause
existed to support the first count, charging falsification of a
police report.  The single justice denied the petition on the
basis that Davis had an adequate alternative remedy, in light of
his ability to seek review from a judge in the District Court.
This appeal followed.

     "General superintendence relief pursuant to G. L. c. 211,
§ 3, is extraordinary."  Culley v. Cato, 460 Mass. 1009, 1010
(2011).  It is to be used only in the most exceptional
circumstances, and thus, a "single justice is not required to
become involved if the petitioner has an adequate alternative

remedy or if the single justice determines, in his or her discretion, that the subject of the petition is not sufficiently important and extraordinary as to require general superintendence intervention."  Commonwealth v. Fontanez, 482 Mass. 22, 24-25 (2019).

Although Davis had no statutory right to appeal from the denial of his application by the clerk-magistrate, "as a matter of District Court practice, [Davis] had an opportunity to request a redetermination of the matter by a judge."  Roberts v. Hingham Div. of the Dist. Court Dep't, 486 Mass. 1001, 1002 (2020), citing standard 3:22 of the District Court Standards of Judicial Practice:  The Complaint Procedure (amended Oct. 1, 2008).  See Matter of an Application for a Criminal Complaint, 477 Mass. 1010, 1011 (2017) ("Where a clerk-magistrate denies a private party's application for a criminal complaint, the applicant's recourse is to request rehearing by a judge in the same court").  Moreover, this court has "consistently declined to review, under the authority given to us by G. L. c. 211, § 3, refusals to issue complaints."  Bradford v. Knights, 427 Mass. 748, 752 (1998).  In these circumstances, the petitioner was not entitled to extraordinary relief.

                              Judgment affirmed.


        The case was submitted on briefs.
        Jethro Davis, pro se.