SUPREME JUDICIAL COURT 
 
 MELANIE CARA ERESIAN & another[1] vs. SUPERIOR COURT IN WORCESTER COUNTY & others[2]

 
 Docket:
 SJC-13775
 
 
 Dates:
 November 7, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Supreme Judicial Court, Superintendence of inferior courts.
 
 

       The petitioners, Melanie Cara Eresian and
Eva Marie Eresian, appeal from a judgment of the county court dismissing their
petition for relief under G. L. c. 211, § 3.  We affirm.
      Background.  In 2022, the petitioners both filed
complaints in the county court against Webster First Federal Credit Union
(Webster).[3]  A single justice of this
court ordered that the two matters be consolidated and transferred to the
Superior Court for disposition.  In a
subsequent scheduling order, the parties were instructed to file any summary
judgment motions by August 25, 2023, with a warning that "[n]o extensions
will be granted on these deadlines absent extraordinary hardship."  Two months before the deadline, one of the
petitioners filed an amended complaint naming numerous additional
defendants.  See note 3, supra.  Thereafter, a judge in the Superior Court
ordered that, while she was "reluctant to extend any deadlines in this
case," it was necessary to do so in light of the additional parties named
in the amended complaint.
      In accordance with the revised scheduling
deadlines, Webster moved for summary judgment in February 2024.  Thereafter, the petitioners filed a series of
pleadings requesting that the court either strike the motion for summary
judgment or stay any deadline to respond until after the court had first ruled
upon other pending motions or afforded the petitioners an opportunity to pursue
interlocutory appeals of various rulings.
      At a hearing held on May 28, 2024, a judge
in the Superior Court ordered the petitioners to respond to Webster's motion
for summary judgment within twenty-one days. 
Shortly before that deadline, on June 17, 2024, the petitioners again
requested an enlargement of time to respond, claiming that they had
"irretrievably lost" nearly two weeks of work product as a result of
a town-wide Internet outage earlier that day. 
At a subsequent motion hearing, one of the petitioners further claimed
that she had only recently received notice of the denial of various motions
that she had filed, for which she wished to pursue interlocutory appeals before
responding to Webster's motion for summary judgment.
      On June 26, 2024, the same judge denied
the petitioners' latest request for an enlargement of time.  Two weeks later, the judge allowed Webster's
motion for summary judgment as to all the petitioners' claims.[4]  In her memorandum of decision, the judge made
note of the various pleadings that the petitioners had filed in lieu of
responding to the motion for summary judgment:
"[The
petitioners' motions] urge the court to act upon outstanding motions filed by
the [petitioners] and allow more time for the [petitioners] to respond to
Webster's summary judgment motion.  Any
perceived failure of the court to act on the [petitioners'] motions does not
excuse the [petitioners] from complying with the strict deadlines of which they
had ample notice, and the [petitioners'] continued attempts to further extend
the summary judgment deadlines exemplify their pattern of excuses and delay
throughout this action. . . .
"Given the
[scheduling] orders issued by the court in May and August 2023, the
[petitioners] were well aware of the summary judgment deadlines.  They had eight months to prepare their own
summary judgment motion and four months to prepare their opposition to
Webster's motion. . . .  The
[petitioners] had twenty-one days from May 28 to submit their opposition and/or
cross motion, and they have not done so."
      Three weeks after the judge ruled on
Webster's motion for summary judgment, the petitioners filed the instant
petition in the county court, pursuant to G. L. c. 211,
§ 3.  The petition sought review of
the denial of various interlocutory motions, most of which concerned their
requests for rulings upon other motions, as well as requests to strike, stay,
or otherwise defer ruling upon Webster's motion for summary judgment.  During the pendency of the petition, final
judgment entered in favor of Webster in the Superior Court.  See note 4, supra.
      On December 27, 2024, the single justice
denied the petition without a hearing. 
The petitioners filed a motion for reconsideration, which was similarly
denied, and this appeal followed.
      Discussion.  Where, as here, a petition is filed pursuant
to G. L. c. 211, § 3, the "single justice is not required
to become involved if the petitioner has an adequate alternative remedy or if
the single justice determines, in his or her discretion, that the subject of
the petition is not sufficiently important and extraordinary as to require
general superintendence intervention." 
Commonwealth v. Fontanez, 482 Mass. 22, 24–25 (2019).  That determination will not be disturbed on
appeal "absent a clear error of law or abuse of discretion" (citation
omitted).  Roberts v. Hingham Div. of the
Dist. Court Dep't, 486 Mass. 1001, 1002 (2020).
      On appeal, the petitioners have submitted
a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass.
1301 (2001).  Rule 2:21, which concerns
the denial of relief from a challenged interlocutory ruling in the trial court,
does not technically apply because the consolidated matters have gone to final
judgment in the Superior Court.  See
Costello v. Merrill Lynch Credit Corp., 480 Mass. 1027, 1027-1028 (2018).  Even though rule 2:21 is inapplicable, it is
clear that this is not a circumstance in which the petitioners are entitled to
relief.  The majority of the rulings that
the petitioners seek to challenge concern the denial of their requests to stay
any ruling upon Webster's motion for summary judgment until the Superior Court
had first ruled upon other pending motions or afforded them an opportunity to
pursue interlocutory appeals.  Given that
the motion for summary judgment, as well as the petitioners' then-pending
motions, were decided in the trial court over one year ago, any challenge to
the denial of these requests for additional time have long since "become
academic."  See Rosenthal v.
Glickman, 441 Mass. 1001, 1002 (2004); Kol v. Joshi, 439 Mass. 1004, 1005
(2003).  See also Ewing v. Commonwealth,
454 Mass. 1016, 1017 (2009).
      Insofar as the rulings that the petitioners
seek to challenge are not moot, the petitioners have plainly failed to
demonstrate that they lacked an adequate alternative remedy in the ordinary
course of appeal.  See Hudson v.
Superintendent, Massachusetts Correctional Inst., Concord, 480 Mass. 1038, 1039
n.4 (2018) (ordinary appellate process provided adequate remedy for denial of
motion to amend complaint); Boston Pipe Covering, Inc. v. Rosati, 428 Mass.
1018, 1018 (1998) (petitioner failed to demonstrate absence of adequate
alternative remedy for challenging denial of motion to strike pleadings).  Cf. Sabree v. Superintendent, Massachusetts
Correctional Inst., Cedar Junction, 437 Mass. 1015, 1015 (2002) (denying relief
where petitioner sought order compelling defendants to answer interrogatories
or entry of default judgment for failing to do so).[5]  Accordingly, the single justice did not
commit a clear error of law or otherwise abuse her discretion in denying
relief.
Judgment
affirmed.
      The case was submitted on the papers
filed, accompanied by a memorandum of law.
      Melanie Cara Eresian & Eva Marie
Eresian, pro se.

footnotes

[1] Eva Marie
Eresian.

[2] Webster First
Federal Credit Union; Dale W. Schaetzke; AMG Marketing Group, Inc.; Arrow
Financial Services, LLC; Household Financial Services, II; AME Realty
Corporation; the heirs or legal representative of JJD; and the United States of
America.

[3] The original
complaints identified numerous other defendants, but the single justice
determined that these defendants were nominal parties only and dismissed them
from both matters.

[4] Webster's
motion for summary judgment was denied as to its counterclaims for abuse of
process.  After these counterclaims were
voluntarily dismissed, final judgment entered on October 8, 2024.

[5] We reject the
petitioners' assertion that they lacked an adequate alternative remedy because
they belatedly received notice of certain rulings, thereby shortening their
time to pursue interlocutory review in the Appeals Court under G. L.
c. 231, § 118.  Significantly,
the petitioners did not attempt to pursue any such review even after they
received notice of the relevant rulings. 
In addition, the petitioners did not pursue a direct appeal after final
judgment entered in the Superior Court more than one year ago.