THOMAS BATES *vs.* SUPERIOR COURT. August 30, 2000. *Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Civil*, Declaratory proceeding. *Jurisdiction*, Declaratory relief. *Administrative Law*, Exhaustion of remedies.

The plaintiff, Thomas Bates, appeals from an order of a single justice of this court dismissing his complaint for declaratory relief. The single justice was correct to deny the requested relief.

We shall accept as true the facts alleged in the plaintiff's complaint, which are as follows. The plaintiff is a Massachusetts inmate. Prior to his conviction and incarceration he resided in Worcester County. At some point during his incarceration, he filed a complaint and thereby commenced a civil action in the Superior Court in Worcester County.[1] The plaintiff was incarcerated in

---

[1]The plaintiff did not specify in his complaint seeking declaratory relief the nature of the action he had commenced in the Superior Court, when he had commenced that action, or the named defendant in the action.

Plymouth County when he filed that complaint. A judge in the Superior Court dismissed the complaint for lack of venue.[2]

The plaintiff subsequently filed his complaint in the county court seeking a declaration as to "(a) the criteria for determining the domicil or residency for the purpose of filing civil actions in the Superior Court[; and] (b) whether [he] meets those criteria." The sole defendant named in this action was the Superior Court judge who had previously dismissed the plaintiff's action in Worcester County. The single justice dismissed the plaintiff's complaint, and the plaintiff appealed.

We agree with the single justice's determination that the declaratory relief sought by the plaintiff was unwarranted in the circumstances.[3] The plaintiff could have obtained the type of relief he sought by appealing from the dismissal of his Superior Court action.[4] The single justice properly concluded that the plaintiff could not, in lieu of pursuing his available appellate remedy, obtain a declaration under G. L. c. 231A by recasting the issue in terms of a personal dispute with the Superior Court judge. See *Hathaway* v. *Commissioner of Ins.*, 379 Mass. 551, 553 (1980) ("It is ordinarily not appropriate to grant declaratory relief to a party which has ignored its statutory right of direct review"). Cf. *Space Bldg. Corp.* v. *Commissioner of Revenue*, 413 Mass. 445, 448 (1992) (stating the general rule that a party seeking declaratory relief must first exhaust available administrative remedies). This is not an extraordinary case where we should dispense with the usual requirements.[5]

A judgment shall enter in the county court declaring that, because of the available appellate remedy, the plaintiff's action does not state a controversy and cannot be maintained under G. L. c. 231A.

*So ordered.*

*Thomas Bates*, pro se.
*Steven E. Thomas*, Assistant Attorney General, for the defendant.

---

[2]The plaintiff did not furnish the single justice with copies of his complaint in the Superior Court action, the Superior Court docket sheet, the motion to dismiss (if indeed one was filed), or the judge's order of dismissal.

[3]"A judge enjoys some discretion in deciding whether a case is appropriate for declaratory relief." *Pazolt* v. *Director of the Div. of Marine Fisheries*, 417 Mass. 565, 569 (1994), citing *Boston* v. *Keene Corp.*, 406 Mass. 301, 305 (1989).

[4]The plaintiff gave the single justice no indication whether he had appealed from the Superior Court's order of dismissal. In his brief before the full court, the plaintiff represents that he filed in the Superior Court a timely motion for reconsideration of the order of dismissal, that he appealed the denial of the motion for reconsideration, and that at the time he filed his brief the record had not yet been assembled.

The plaintiff vaguely alleges in his brief that his appeal has been impeded "by the [S]tate." Whatever problems he may have encountered, however, are remediable in the ordinary course. See *Lu* v. *Boston Div. of the Hous. Court Dep't*, ante 1005, 1006 (2000), and cases cited.

[5]The plaintiff claims in his brief that "this issue is broader than the one issue which prompted this petition [*sic*] but effects [*sic*] all prison inmates." The plaintiff did not purport to bring this case as a class action.

The plaintiff stated in his complaint for declaratory relief that he "has other matters which need to be resolved in the Superior Court." This unsupported allegation was insufficient to demonstrate the presence of an actual controversy with respect to any other cases.