RALPH I. LEVINE & another[1] vs. CHIEF JUSTICE OF THE DISTRICT COURT DEPART-
MENT OF THE TRIAL COURT & others.[2] July 13, 2001. *Supreme Judicial Court,*
Superintendence of inferior courts. *Constitutional Law,* Public right. *Firearms.*
*Practice, Civil* Action in nature of certiorari, Declaratory proceeding.

The plaintiffs contend that Massachusetts gun control laws, G. L. c. 140,
§§ 121-131P, violate the Federal and State Constitutions in various respects.
By way of a petition to a single justice of this court, they sought relief under
G. L. c. 211, § 3, a declaratory judgment under G. L. c. 231A, § 1, and relief
under the doctrine of public right. The single justice denied all claims for
relief. We review the single justice's denial of relief under G. L. c. 211, § 3,
for abuse of discretion or other error of law (*Semedo* v. *Commonwealth*, 429
Mass. 1006, 1007 [1999]); his denial of declaratory relief under G. L. c. 231A,
§ 1, for abuse of discretion (*Bates* v. *Superior Court*, 432 Mass. 1021, 1022
& n.3 [2000]); and his denial of relief under the public right doctrine (*Tax
Equity Alliance for Mass.* v. *Commissioner of Revenue*, 423 Mass. 708, 714
[1996] [under public right doctrine, relief sought is in nature of mandamus])
for abuse of discretion (see *Forte* v. *Commonwealth*, 429 Mass. 1019, 1020
[1999] [single justice's denial of writ of mandamus reviewed for abuse of
discretion]), or other error of law (see *Brewster* v. *Sherman*, 195 Mass. 222
[1907]). We conclude that the single justice did not err in denying the plaintiffs
relief.

The plaintiffs each applied for and obtained a firearms identification card
that permitted them to possess and carry certain rifles and shotguns. G. L.
c. 140, §§ 129B, 129C. A license to carry, however, is necessary to possess
and carry other types of firearms. G. L. c. 140, § 131. Levine obtained such a
license, but a police chief subsequently revoked that license. Fuld also obtained
a license to carry, but it was later suspended, and a police chief denied his
reapplication.

Each petitioner initially sought judicial review of the police chief's decision
in a District Court action. G. L. c. 140, § 131 (*f*). Neither petitioner,·however,
exhausted the appellate process available to him. At the time the petition was
filed in the county court, Levine alleged that his District Court case was still
pending; Fuld contended that the District Court affirmed the police chief's
decision, but admitted that he failed to seek any further review.

If the plaintiffs were aggrieved by the decisions of their respective police
chiefs, they had the right to judicial review in the District Court, G. L. c. 140,
§§ 129B (5), 131 (*f*), with further review in an action in the nature of certiorari
under G. L. c. 249, § 4. See *Godfrey* v. *Chief of Police of Wellesley*, 35 Mass.
App. Ct. 42, 46 (1993). See also *Police Comm'r of Boston* v. *Robinson*, 47
Mass. App. Ct. 767, 770 (1999). Because their petition to the single justice
raised no issue that could not have been raised in a District Court, reviewed in
an action in the nature of certiorari, and addressed in the customary appellate ·
process, the single justice neither abused his discretion nor committed other ·
error of law in denying them the extraordinary relief that they

_____

[1]Charles L. Fuld.

[2]The Chief Justice of the Boston Municipal Court Department of the Trial Court, the
chief of police of Sharon, the chief of police of Easton, the Attorney General, the
executive director of the criminal history systems board, the superintendent of the
Department of State Police, and the Secretary of Public Safety.

sought under G. L. c. 211, § 3. See *Solimine* v. *Davidian*, 422 Mass. 1002 (1996) (G. L. c. 211, § 3, relief not permitted where petitioner failed to pursue available ordinary appellate process). The same is true with respect to their claims for declaratory relief. See *Bates* v. *Superior Court*, *supra* at 1022 ("plaintiff could not, in lieu of pursuing his available appellate remedy, obtain a declaration under G. L. c. 231A"); *Hathaway* v. *Commissioner of Ins.*, 379 Mass. 551, 553 (1980) (declaratory relief ordinarily inappropriate where party has ignored statutory right of direct review).[3] Finally, review under the doctrine of public right is not available unless there is no other method of enforcement. See *L.G.G.* v. *Department of Social Servs.*, 429 Mass. 1008 (1999); *Kaplan* v. *Bowker*, 333 Mass. 455, 460 (1956). See also *Alliance, AFSCME/SEIU, AFL-CIO* v. *Commonwealth*, 427 Mass. 546, 550 (1998).

The judgment of the single justice, denying all relief sought by the plaintiffs, is affirmed.

*So ordered.*

*Albert G. Tierney & Robert J. Forrest* for the plaintiffs.

*Edward J. DeAngelo*, Assistant Attorney General (*Adam Simms*, Assistant Attorney General, with him), for Chief Justice of the District Court Department of the Trial Court & others.

*James W. Simpson*, for chief of police of Easton, was present but did not argue.

_____

[3]Levine's claim for declaratory relief is also precluded under the principles articulated in *Jacoby* v. *Babcock Artificial Kidney Ctr., Inc.*, 364 Mass. 561, 563 (1974) (presumption against declarations of rights when other proceedings are in progress). Levine made no showing of exceptional circumstances justifying departure from the established rule that "procedures for declaratory relief cannot be used as substitutes for appeal." *Id.* at 564.

