NORMAN L. LONGVAL *vs.* SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT. July 9, 2002. *Declaratory Relief. Injunction. Practice, Civil,* Appeal, Declaratory proceeding, Injunctive relief.

The plaintiff appeals from an adverse judgment of a single justice of this court on his complaint for declaratory and injunctive relief. The single justice correctly denied the requested relief.

In his complaint, the plaintiff challenged a Superior Court order that, while conditionally allowing his application for waiver of filing fees in a civil action filed against the Department of Correction, also required the plaintiff to file a so-called "canteen account and savings account" statement within 30 days; the order provided that the complaint would be dismissed, without prejudice, if the statement was not timely filed. The plaintiff did not file the statement, and a judgment of dismissal (without prejudice) entered accordingly.

The claims raised in the plaintiff's complaint could have been addressed during the ordinary trial and appellate process in the underlying case.[1] Declaratory or injunctive relief ordinarily are not appropriate where such alternative

[1]Although the plaintiff could have appealed from the judgment dismissing his case, there is nothing in the record indicating that he did so. Likewise, while the docket

remedies are available.[2] *Temple* v. *Marlborough Div. of the Dist. Court Dep't*, 395 Mass. 117, 132-133 (1985), citing *Jacoby* v. *Babcock Artificial Kidney Ctr., Inc.*, 364 Mass. 561, 564 (1974) ("It is generally acknowledged that procedures for declaratory relief cannot be used as substitutes for appeal"). See *Bates* v. *Superior Court*, 432 Mass. 1021, 1022 (2000), and cases cited ("The plaintiff could have obtained the type of relief he sought by appealing from the dismissal of his Superior Court action. The single justice properly concluded that the plaintiff could not, in lieu of pursuing his available appellate remedy, obtain a declaration under G. L. c. 231A by recasting the issue in terms of a personal dispute with the Superior Court judge"), and cases cited. This is not an extraordinary case where there is reason to dispense with the usual requirements.

We affirm that portion of the judgment that pertains to the request for injunctive relief, and remand the case to the county court for entry of a judgment declaring that, because of the available appellate remedy, the plaintiff's action does not state a controversy and cannot be maintained under G. L. c. 231A.

*So ordered.*

The case was submitted on briefs.

*Norman L. Longval*, pro se.

*Ginny Sinkel*, Assistant Attorney General, for the defendant.

---

indicates that the plaintiff moved "to vacate the dismissal of [the plaintiff's] complaint for want of jurisdiction," the record does not indicate either the substance of the motion, or whether the Superior Court acted on it.

[2]While his complaint sought both declaratory and injunctive relief, the record does not establish that the plaintiff adequately alleged, must less demonstrated, his entitlement to injunctive relief. On appeal, the plaintiff does not make any argument concerning injunctive relief except for a short reference in his reply brief. That reference does not rise to the level of adequate appellate argument, and we do not consider it. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). See also *Travenol Labs., Inc.* v. *Zotal, Ltd.*, 394 Mass. 95, 97 (1985) (arguments raised for the first time in reply brief need not be considered). Even if we were to consider the argument, the result would be the same. *Wyatt* v. *Boston*, 422 Mass. 1008, 1008 (1996) ("[b]ecause the single justice committed no error of law and did not abuse his discretion, his denial of Wyatt's request for [injunctive] relief is affirmed").

