*Maria Rosenthal,* pro se.

MARIA ROSENTHAL *vs.* STEPHEN GLICKMAN. February 6, 2004. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Civil,* Interlocutory appeal. *Moot Question.*

Maria Rosenthal appeals from a judgment of a single justice of this court denying her petition pursuant to G. L. c. 211, § 3. Rosenthal had sought relief from the denial of certain motions she had filed in the Appeals Court for

---

enlargement of time for filing an appellate brief.[1] We dismiss the appeal as moot.

The Appeals Court allowed Rosenthal's first three motions for extensions of time, but denied her fourth and subsequent motions. When Rosenthal failed to file her brief, the Appeals Court dismissed the appeal pursuant to its Standing Order 17A. Rosenthal unsuccessfully moved to reinstate her appeal, and then filed an application for further appellate review. Months after this court denied her application, she filed her petition pursuant to G. L. c. 211, § 3.

Rosenthal has filed a memorandum and appendix purportedly pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). That rule is inapplicable, however, because the denial of a motion in the Appeals Court to extend the due date for filing an appellate brief is not an "interlocutory ruling in the trial court," S.J.C. Rule 2:21 (1), 421 Mass. 1303 (1995). In any event, whether the Appeals Court properly denied Rosenthal's motions for enlargement of time has become academic because Rosenthal's appeal has been dismissed. See *Commonwealth* v. *Farley*, 438 Mass. 1003 (2002); *Rasten* v. *Northeastern Univ.*, 432 Mass. 1003 (2000), cert. denied, 531 U.S. 1168 (2001). Even were Rosenthal's appeal not moot, it is clear from her memorandum and appendix that her appeal lacks merit.

*Appeal dismissed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Maria Rosenthal*, pro se.

---

[1]Although Rosenthal raised additional claims in her G. L. c. 211, § 3, petition, she presses none of them on appeal.