WILLIAM RESTUCCI *vs.* APPEALS COURT. October 1, 2004. *Mandamus. Practice, Criminal,* Discovery. *Rules of Criminal Procedure.*

William Restucci appeals from an order of a single justice of this court denying, without a hearing, relief in the nature of mandamus. Restucci sought

---

an order from the single justice compelling the Appeals Court to allow a motion for discovery, pursuant to Mass. R. Crim. P. 30 (c) (4), 378 Mass. 900 (1979), that he had filed in the first instance in the Appeals Court in an appeal then pending before that court from a Superior Court judge's denial of his motion for a new trial (to withdraw his guilty plea). A single justice of the Appeals Court previously had denied the discovery motion. In the alternative, Restucci sought, from the single justice of this court, an order permitting him to appeal from the order of a single justice of the Appeals Court to a panel of that court.[1] Our review of the decision of the single justice of this court is limited to determining whether he committed an abuse of discretion or other error of law. See *Levine* v. *Chief Justice of the Dist. Court Dep't of the Trial Court*, 434 Mass. 1014 (2001); *Hines, petitioner*, 432 Mass. 1004 (2000); *Forte* v. *Commonwealth*, 429 Mass. 1019, 1020 (1999). There was no error.

Mandamus "will not issue to direct a judicial officer to make a particular decision or to review, or reverse, a decision made by a judicial officer on an issue properly before him or her." *Callahan* v. *Superior Court*, 410 Mass. 1001, 1001 (1991), and cases cited. The single justice therefore properly declined to compel the Appeals Court to allow Restucci's motion. See *id.* See also *Stewart, petitioner*, 411 Mass. 566, 569 (1992) ("petitioner may not bring his rule 30 motion directly to this court, but rather must file it in the Superior Court"; "[h]is proper course now is to pursue his appeal from the denial of that motion in the Appeals Court").

Moreover, mandamus is "extraordinary and may be granted only to prevent a failure of justice in instances where there is no alternative remedy." *Callahan* v. *Superior Court, supra*, and cases cited. Rule 30 contemplates that motions for discovery in connection with a new trial motion be filed in the first instance in the trial court — where that new trial motion is pending — and not in an appellate court. Mass. R. Crim. P. 30, 378 Mass. 900 (1979), and as appearing in 435 Mass. 1501 (2001). No "failure of justice" is present in this case requiring extraordinary relief. See *Stewart, petitioner, supra*; *McCastle, petitioner*, 401 Mass. 105, 107 (1987) ("the Legislature could fairly conclude that it is in the best interests of a defendant, as well as of the Commonwealth, that [a] rule 30 motion is heard at the trial court level").

The single justice's decision denying relief in the nature of mandamus is affirmed.

*So ordered.*

The case was submitted on briefs.
*William Restucci*, pro se.

---

[1]The underlying appeal has been decided and the order denying the motion for a new trial was affirmed. *Commonwealth* v. *Restucci*, 51 Mass. App. Ct. 1111 (2001).

