PETER MARIDES *vs.* GRETCHEN ROSSI. March 27, 2006. *Supreme Judicial Court,* Appeal from order of single justice.

This appeal arises out of a protracted divorce and related proceedings in the Probate and Family Court and the Appeals Court. Referencing an appeal that was then pending in the Appeals Court, the petitioner, Peter Marides, filed a document in the county court entitled "Motion for Relief." A single justice of this court treated the filing as a G. L. c. 211, § 3, petition and denied it — together with several subsequent motions — without a hearing. On appeal, the petitioner does not challenge the single justice's judgment itself, but asks instead that we address other alleged misconduct and error in the Probate and Family Court proceedings, and that we reverse a certain "decision" of that court unfavorable to him and award him funds from the sale of the marital residence.

We review the single justice's denial of relief under G. L. c. 211, § 3, only to determine whether there was an abuse of discretion or other error of law. *Restucci* v. *Appeals Court,* 442 Mass. 1031, 1032 (2004). *Berkson* v. *Palmer & Dodge LLP,* 428 Mass. 1002, 1002 (1998). Because "the petitioner alleges no abuse of discretion or other error by the single justice in the judgment rendered on the specific claims that were before [him]," *Dowd* v. *Dedham,* 440 Mass. 1007, 1008 (2003), and because "the petitioner's brief on appeal fails to include any meaningful argument in support of . . . the claims that were before the single justice," *id.,* we affirm.[1]

Even if the petitioner had raised his current claims before the single justice and adequately raised them on appeal (which he did not), the materials before us do not demonstrate the absence or inadequacy of remedies alternative to G. L. c. 211, § 3,[2] and the petitioner is not, therefore, entitled to relief. See *Gorod* v. *Tabachnick,* 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998) ("petitioners' burden to create a record . . . i.e., to provide copies of the lower court docket entries and any relevant pleadings, motions, orders . . . or other parts of the lower court record necessary to substantiate their allegations"). See also *Russell* v. *Nichols,* 434 Mass. 1015, 1016 (2001); *Matthews* v. *D'Arcy,* 425 Mass. 1021, 1022 (1997).

*Judgment affirmed.*

*Peter Marides,* pro se.

*John N. Nestor & Michael McMahon,* for the defendant, were present but did not argue.

---

[1]One part of the relief sought in the county court concerned an appeal that has since been dismissed by the Appeals Court. That aspect of the case is, therefore, moot. See *Rosenthal* v. *Glickman,* 441 Mass. 1001, 1002 (2004).

[2]It does appear that the petitioner may have pursued alternative avenues for relief. See *Rossi* v. *Marides,* 62 Mass. App. Ct. 1121, *S.C.,* 445 Mass. 1103 (2005).