# RESCRIPT OPINIONS.

EMORY G. SNELL, JR. *vs.* BRUCE A. LEE, administrator.[1] December 22, 2006. *Supreme Judicial Court,* Superintendence of inferior courts. *Judgment,* Default.

Emory G. Snell, Jr., appeals from the denial of his petition for relief under G. L. c. 211, § 3. We affirm the judgment.

Snell was convicted of the murder of his wife. *Commonwealth* v. *Snell,* 428 Mass. 766, cert. denied, 527 U.S. 1010 (1999). His wife's estate commenced a wrongful death action against him in the Superior Court. Snell filed no answer to the complaint, and a default judgment entered against him. Mass. R. Civ. P. 55, as amended, 423 Mass. 1402 (1996). His efforts to set aside the default judgment were unsuccessful.

Snell then filed his petition in the county court. In that petition, he asked the single justice to order the clerk in the Superior Court to docket his motions and pleadings in the wrongful death case. The single justice denied relief without a hearing.

We review the single justice's decision denying relief for abuse of discretion or other error of law. *Marides* v. *Rossi,* 446 Mass. 1007 (2006), and cases cited. On appeal, Snell has abandoned his claim about the docketing of his papers. Instead, he requests wholly different relief, namely, an order that the default judgment be vacated and that judgment in his favor be entered. Because Snell "alleges no abuse of discretion or other error by the single justice" and presents no "meaningful argument in support of . . . the claims that were before the single justice," we affirm. *Id.,* quoting *Dowd* v. *Dedham,* 440 Mass. 1007, 1008 (2003).

Snell's current request for relief, seeking to vacate the default judgment, was not presented to the single justice and is not properly before us. Moreover, "[i]t is settled that 'relief under G. L. c. 211, § 3, is extraordinary and may not be sought as a substitute for normal appellate review. . . . Where a petitioner can raise his claim in the normal course of trial and appeal, relief will be denied.' " *Sibinich* v. *Commonwealth,* 436 Mass. 1008, 1009 (2002), quoting *Foley* v. *Lowell Div. of the Dist. Court Dep't,* 398 Mass. 800, 802 (1986). Snell has not suggested any reason why relief from the default judgment, if warranted, cannot be obtained in the ordinary appellate process.[2]

*Judgment affirmed.*

*Emory G. Snell, Jr.,* pro se, submitted a brief.

---

[1] Of the estate of Elizabeth Snell.

[2] It appears from the Superior Court docket that Snell has filed a notice of appeal following the denial of his motion to vacate the default judgment, and that the record was assembled for that appeal.