NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReportersjc.state.ma.us

SJC-12062


    IN THE MATTER OF AN APPLICATION FOR A CRIMINAL COMPLAINT.



                        May 25, 2017.



Supreme Judicial Court, Superintendence of inferior
     courts.  Practice, Criminal, Complaint, Standing.  Police
     Officer.



     The petitioner appeals from a judgment of the county court
denying her petition for relief under G. L. c. 211, § 3.  We
affirm the judgment.

     The petitioner, who was a Boston police officer, filed an
application for a criminal complaint in the West Roxbury
Division of the Boston Municipal Court (BMC), alleging that the
respondent, her supervisor, committed an assault and battery
against her.  The respondent was the commander of the police
station falling within that court's jurisdiction.  After a
hearing, a clerk-magistrate denied the application for lack of
probable cause.  G. L. c. 218, § 35A.  The petitioner moved for
reconsideration and change of venue.  The application was
transferred to the Charlestown Division of the BMC for rehearing
by a clerk-magistrate, although it appears that the application
was not docketed until almost one year later.  The petitioner
requested that the matter be transferred out of Suffolk County
to Bristol County.  That request was denied.  The respondent
also requested a new hearing and change of venue on the ground
that he had a business relationship with all the divisions of
the BMC.  As a result, the application was transferred to the
Dedham Division of the District Court Department, nearly three
years after the application was transferred to the Charlestown
Division of the BMC.[1]  A clerk-magistrate of that court denied

_____

     [1] The nearly three-year delay in the Charlestown Division of

the application, finding no probable cause.  The petitioner then filed her G. L. c. 211, § 3, petition, seeking both a rehearing on her application and a broader ruling requiring that applications for criminal complaints made against police officers be automatically transferred to a judge outside the police officer's jurisdiction, rather than being heard by a clerk-magistrate in the first instance.  The single justice denied relief without a hearing.

We review the single justice's denial of relief only to determine whether there was an abuse of discretion or an error of law.  Marides v. Rossi, 446 Mass. 1007, 1007 (2006), citing Restucci v. Appeals Court, 442 Mass. 1031, 1032 (2004).  The petitioner has not demonstrated any error or abuse of discretion as to either of her claims.

First, the single justice properly denied the petitioner's request for a rehearing of her application for a criminal complaint.  It is well established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  Ellis, petitioner, 460 Mass. 1020, 1020-1021 (2011), quoting Hagen v. Commonwealth, 437 Mass. 374, 380 (2002).  For this reason, "we have consistently declined to review, under the authority given to us by G. L. c. 211, § 3, refusals to issue complaints."  Bradford v. Knights, 427 Mass. 748, 752 (1998), citing Tarabolski v. Williams, 419 Mass. 1001, 1002 (1994).  See Victory Distribs., Inc. v. Ayer Div. of the Dist. Court Dep't, 435 Mass. 136, 141 (2001) ("A private party's rights with respect to the criminal complaint process are limited to the filing of an application and court action on that application").  Where a clerk-magistrate denies a private party's application for a criminal complaint, the applicant's recourse is to request rehearing by a judge in the same court.  See Bradford, supra at 752-753 (judges of BMC have inherent authority to rehear denial of application for criminal complaint).  See also Commonwealth v. DiBennadetto, 436 Mass. 310, 313 (2002) ("by implication," judges of District Court have

_____

the Boston Municipal Court Department is unacceptable.  There is no excuse for this period of delay in any case scheduled for a clerk-magistrate's hearing.  See G. L. c. 218, § 35A.  The delay in this case is particularly troubling.  The parties and the community are not just entitled to a fair and just adjudication of this matter.  The perception of justice must also be scrupulously protected.  Here, it was not.  As a result, no matter how just the result in this case may be, to the petitioner and perhaps others, justice is tainted by the delay.

same authority).  Here, the petitioner filed her application, and the BMC, and then the District Court, acted on it.  She has no standing to obtain extraordinary relief in this matter.[2]

Second, the single justice did not abuse her discretion by denying the petitioner's request for an absolute rule requiring any complaint against a police officer to be heard by a judge outside the officer's jurisdiction.  The petitioner has not demonstrated that the existing criminal complaint procedure raises an issue of systemic concern requiring the exercise of general superintendence powers.  Cf. Bridgeman v. District Att'y for the Suffolk Dist., 471 Mass. 465, 474-475 (2015), S.C., 476 Mass. 298 (2017) (misconduct of widespread magnitude at drug laboratory required exercise of superintendent powers for protection of defendants convicted of drug offenses).  The petitioner argues that, because police officers frequently appear before clerk-magistrates to apply for search warrants, arrest warrants, and criminal complaints, and otherwise interact frequently with clerk-magistrates, there is a close working relationship between them.  This relationship, she argues, necessarily gives rise to a conflict of interest when the clerk-magistrate must decide whether to issue a criminal complaint against a police officer.  The petitioner has not substantiated her claim of systemic bias in favor of police officers.  Moreover, existing procedural safeguards, including rehearing by a judge, are adequate to ensure fair consideration where the accused is a police officer.[3]  In these circumstances, the petitioner was not entitled to extraordinary relief.

---

[2] It does not appear that the petitioner requested rehearing by a judge in the Dedham Division of the District Court Department before filing her G. L. c. 211, § 3, petition.  The respondent suggests that she could still do so.  Nothing we say today is intended to deprive her of the opportunity to request rehearing by a District Court judge.

[3] The District Court has written standards urging clerk-magistrates to give "strong consideration . . . to asking the Regional Administrative Justice either to transfer the matter to another division or to assign a magistrate from another division" where an application is filed against a police officer employed in the same jurisdiction.  Standard 3:02 of the District Court Standards of Judicial Practice:  The Complaint Procedure (2008).  To our knowledge, the BMC does not have analogous standards.  The public might be better served if the BMC would formalize its practice in written standards.

_Judgment affirmed._

_Brooks A. Ames_ for the petitioner.
_Douglas I. Louison_ for the respondent.