NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12532

DEYDANIA TAYLOR-CAMERON  <u>vs</u>.  JANELLE WALCOTT.

February 21, 2019.

<u>Supreme Judicial Court</u>, Superintendence of inferior courts.  <u>District Court</u>, Small claims procedure.  <u>Practice, Civil</u>, Small claims procedure, Appeal.

Deydania Taylor-Cameron appeals from a judgment of the county court denying, without a hearing, her petition for relief under G. L. c. 211, § 3.  Taylor-Cameron was the plaintiff in two actions against Janelle Walcott in the small claims session of the District Court.  The clerk-magistrate offered to consolidate the two cases and transfer them to the regular civil docket.[1]  Taylor-Cameron responded that she preferred to dismiss one action and proceed solely on the other.  The clerk-magistrate repeatedly advised her that if she did so, the case would be dismissed with prejudice, and she would not be permitted to bring the same claims again.  Taylor-Cameron stated that she understood, and she voluntarily dismissed that action.  In the surviving action, after a hearing before a clerk-magistrate, she prevailed and was awarded single damages on her claim that Walcott violated the security deposit statute.  Apparently unsatisfied with this result, Taylor-Cameron unsuccessfully filed motions seeking reconsideration in both cases.  Taylor-Cameron's G. L. c. 211, § 3, petition followed.  We affirm.

---

[1] It appears that the clerk-magistrate offered to do so because the two cases combined exceeded the limit for small claims actions.

     "We review the single justice's denial of relief only to
determine whether there was an abuse of discretion or an error
of law."  Matter of an Application for a Criminal Complaint, 477
Mass. 1010, 1010 (2017), citing Marides v. Rossi, 446 Mass.
1007, 1007 (2006).  "We have repeatedly stated that a plaintiff
who chooses to proceed in the small claims session waives the
right to appeal from any adverse judgment, and likewise is not
entitled to invoke this court's extraordinary power of general
superintendence in lieu of an appeal to compel review of the
judgment."  Zullo v. Culik Law P.C., 467 Mass. 1009, 1009
(2014), and cases cited.  See G. L. c. 218, § 23 ("A plaintiff
beginning a cause under the [small claims] procedure shall be
deemed to have waived a trial by jury and any right of appeal to
a jury of six session in the district court department").  Where
Taylor-Cameron chose to pursue the "simple, informal and
inexpensive" small claims procedure, G. L. c. 218, § 21, the
single justice neither erred nor abused his discretion by
denying extraordinary relief.


                         Judgment affirmed.


     Deydania Taylor-Cameron, pro se.
     Richard M. Mucci for the defendant.