NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13373


IN THE MATTER OF TWO APPLICATIONS FOR A CRIMINAL COMPLAINT.


October 11, 2023.


Supreme Judicial Court, Superintendence of inferior courts.
    Practice, Criminal, Complaint, Standing.


The petitioner appeals from a judgment of the county court denying, without a hearing, his petition for relief under G. L. c. 211, § 3.  We affirm.

The petitioner filed in the District Court an application for a criminal complaint charging a certain individual with witness intimidation, G. L. c. 268, § 13B, and unlawful wiretapping, G. L. c. 272, § 99 C 1.  An assistant clerk-magistrate in the District Court found no probable cause and did not issue the requested complaint.  The petitioner filed a motion for redetermination.  A judge in the District Court denied that motion.  Thereafter, alleging that the individual had committed further unlawful acts, the petitioner filed another application for a criminal complaint, this time in the Boston Municipal Court (BMC), charging the individual with witness intimidation.  The clerk-magistrate of the BMC found no probable cause and did not issue the requested complaint.  The petitioner has not sought redetermination in the BMC.  The petitioner's G. L. c. 211, § 3, petition, as supplemented,[1] sought relief pertaining to both the District Court and BMC proceedings and particularly sought the issuance of criminal complaints.  The single justice denied relief without addressing the merits.

---

[1] The petitioner initially filed a petition concerning only the District Court proceedings.  The single justice permitted him to supplement his petition to include the BMC proceedings.

The single justice neither erred nor abused his discretion by denying relief. "As we have explained, '[a] single justice considering a petition filed pursuant to G. L. c. 211, § 3, performs a two-step inquiry. . . . The first step requires the single justice to decide "whether to employ the court's power of general superintendence to become involved in the matter," . . . or, stated differently, to "decide, in his or her discretion, whether to review 'the substantive merits of the . . . petition.'"'" Commonwealth v. Monteiro, 492 Mass. 1013, 1014 (2023), quoting Commonwealth v. Brown, 487 Mass. 1007, 1008 (2021). See Commonwealth v. Fontanez, 482 Mass. 22, 24 (2019). "The single justice need not take the second step (which is to resolve the petition on its substantive merits) 'if the petitioner has an adequate alternative remedy or if the single justice determines, in his or her discretion, that the subject of the petition is not sufficiently important and extraordinary as to require general superintendence intervention.'" Brown, supra, quoting Commonwealth v. Dilworth, 485 Mass. 1001, 1002 (2020). "Where, as here, the single justice denied relief without reaching the substantive merits of the . . . petition, 'it is incumbent on the [petitioner] to show that on the record before him, the single justice was required to exercise the court's superintendence power:  that is, that the [petitioner] had no adequate alternative remedy and that the single justice abused his discretion by failing to reach the merits of [his] petition.'" Monteiro, supra, quoting Brown, supra. The petitioner's complaint is that the clerks-magistrate of the District Court and the BMC considered his applications, found they were not supported by probable cause, and declined to issue the requested criminal complaints. The decision to issue or not to issue a criminal complaint is a routine matter in those courts. The single justice was not obligated to exercise this court's extraordinary superintendence power in these circumstances.

Even considering the merits, the petitioner fares no better. "It is well established that 'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" Matter of an Application for a Criminal Complaint, 477 Mass. 1010, 1011 (2017), quoting Ellis, petitioner, 460 Mass. 1020, 1020-1021 (2011). "For this reason, 'we have consistently declined to review, under the authority given to us by G. L. c. 211, § 3, refusals to issue complaints.'" Matter of an Application for a Criminal Complaint, supra, quoting Bradford v. Knights, 427 Mass. 748, 752 (1998). In our system, "[a] private party's rights with

respect to the criminal complaint process are limited to the filing of an application and court action on that application. Once a private party alerts the court of the alleged criminal activity through the filing of an application and the court responds to that application, the private party's rights have been satisfied." Victory Distribs., Inc. v. Ayer Div. of the Dist. Court Dep't, 435 Mass. 136, 141 (2001). The petitioner filed his applications, and the District Court and the BMC acted on them. He has no standing to obtain extraordinary relief in this matter.[2] Matter of an Application for a Criminal Complaint, supra.

Judgment affirmed.


The case was submitted on briefs.
The petitioner, pro se.

---

[2] We express no view as to whether probable cause exists to charge the individual with witness intimidation or any other offense.