NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13387

WILLIAM J. PAPP, THIRD  vs.  WESTBOROUGH GARDENS LLC/BVF-V
WESTBOROUGH LLC.


December 12, 2023.


Supreme Judicial Court, Superintendence of inferior courts.


The plaintiff, William J. Papp, III, appeals from the
judgment of a single justice of this court denying, without a
hearing, his complaint for declaratory relief pursuant to G. L.
c. 231A, § 1; relief in the nature of certiorari pursuant to
G. L. c. 249, § 4; and a stay of eviction. We affirm.

Papp's request for relief relates to a complaint that he
previously filed against the defendant landlord in the Superior
Court, alleging unfair and deceptive acts in violation of G. L.
c. 93A. The landlord filed a document in the Superior Court
matter entitled "notice of transfer," representing that the
"action [was] within the jurisdiction of the Central Division of
the Housing Court Department," and the case was then transferred
there, where a summary process case was already pending between
the same parties.

Papp takes issue with this transfer. He contends that the
transfer occurred in violation of the requirements of G. L.
c. 185C, § 20, and further, that the transfer deprived him of
due process insofar as it was effected without a motion and
without an opportunity for Papp to be heard. Based on these
arguments, he brought the claims at issue in the county court,
seeking declaratory relief, relief in the nature of certiorari,
and a stay of eviction.

But in order to have qualified for the relief he sought,
Papp "b[ore] the burden [of] alleg[ing] and demonstrat[ing] the

absence or inadequacy of other remedies." Kim v. Rosenthal, 473 Mass. 1029, 1030 (2016).  Indeed, G. L. c. 231A, § 1, does not provide declaratory relief "in lieu of pursuing . . . available appellate remed[ies]" (citation omitted).  Levine v. Chief Justice of the Dist. Court Dep't of the Trial Court, 434 Mass. 1014, 1015 (2001).  And "[t]he purpose of a civil action in the nature of certiorari is to correct errors that 'are not otherwise reviewable by motion or by appeal.'"  Johnson v. Commonwealth, 463 Mass. 1006, 1007 (2012), quoting G. L. c. 249, § 4.  To the extent that Papp's request for a stay of eviction was a request for extraordinary relief pursuant to G. L. c. 211, § 3, the same burden applied.  See Lasher v. Leslie-Lasher, 474 Mass. 1003, 1004 (2016).[1]

Papp has not carried that burden here.  On the contrary, as the single justice correctly observed, adequate alternative means were available to Papp to challenge the transfer of his case.  Papp could have sought interlocutory review by a single justice of the Appeals Court, pursuant to G. L. c. 231, § 118, first par., of the Superior Court's order transferring the case. The same route for interlocutory review was available following issuance of the Housing Court's order denying Papp's request to transfer his case back to the Superior Court.  See id.  Finally, Papp could have appealed the order of transfer as part of an appeal from the final judgment of the Housing Court.  See G. L. c. 239, § 5 (a); Adjartey v. Central Div. of the Hous. Court Dep't, 481 Mass. 830, 835 (2019); id. at 857 (Appendix). Because Papp failed to demonstrate the absence or inadequacy of other remedies, the single justice did not err or abuse her discretion in denying relief.

Judgment affirmed.


The case was submitted on briefs.
William J. Papp, III, pro se.

---

[1] Papp represents that the eviction at issue has since occurred.  Therefore, the request is moot, and Papp is not entitled to such a stay.  See Lumber Yard Northampton Ltd. Partnership v. Hudson, 490 Mass. 1030, 1030 (2022).