NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1286

BODHISATTVA SKANDHA

vs.

ATTORNEY GENERAL[1] & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Bodhisattva Skandha, a pro se prisoner, has been designated a vexatious litigant.  See Skandha v. Clerk of the Superior Court for Civil Business in Suffolk County, 472 Mass. 1017, 1019 (2015).  As a result of the designation, any lawsuit initiated by the plaintiff in Suffolk County Superior Court is subject to preauthorization before it may proceed.

On or about July 18, 2024, the plaintiff filed a complaint for a declaratory judgment, injunctive relief, and damages

---

[1] Andrea J. Campbell, in her official capacity as Attorney General and individually.

[2] Carol Mici, Commissioner of Correction, and Kenneth Lizotte, Superintendent of the Massachusetts Correctional Institution at Norfolk, individually and in their official capacities.

against Attorney General Andrea J. Campbell, Carol Mici, Commissioner of Correction, and Kenneth Lizotte, Superintendent of the Massachusetts Correctional Institution at Norfolk (M.C.I. - Norfolk), in Suffolk County Superior Court.[3]  On July 26, 2024, pursuant to a 2011 screening order, the Suffolk Superior Court regional administrative justice (RAJ) dismissed the plaintiff's complaint after determining it lacked any legal basis for the plaintiff to claim the relief he sought.  From this dismissal, the plaintiff appeals.  We affirm.

"We review the grant of a motion to dismiss de novo, accepting as true all well-pleaded facts alleged in the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor . . . . "  Lanier v. President and Fellows of Harvard College, 490 Mass. 37, 43 (2022).  "In assuming the facts as alleged, however, '[w]e do not regard as "true" legal conclusions cast in the form of factual allegations'" (citation omitted).  Edwards v. Commonwealth, 477 Mass. 254, 260 (2017).  "To survive a motion to dismiss, the facts alleged must 'plausibly suggest[ ] (not merely be consistent with) an entitlement to relief'" (quotation omitted).  Id., quoting Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).

---

[3] The gravamen of the complaint was the plaintiff's request for the Attorney General to investigate prison conditions at M.C.I. – Norfolk and illegal drugs transaction therein.

The plaintiff essentially challenges the dismissal of his complaint in a variety of ways. He claims the RAJ misapplied the screening order in violation of his equal protection rights, the screening order was "too stale" to be applied to him, and that the RAJ did not apply any law to the facts of his case. We disagree.

The plaintiff has not asked the RAJ to lift or modify the screening order. Instead, he has raised these claims for the first time on appeal. As a result, we treat them as waived. See Tenants' Dev. Corp. v. AMTAX Holdings 227, LLC, 495 Mass. 207, 215 n.13 (2025); Fitzpatrick v. Dep't of Correction, 102 Mass. App. Ct. 617, 624 n.12 (2023). In any event, as a panel of this Court has previously held in an unpublished decision, "to the extent that the plaintiff challenges the validity of the order entered in 2011, he has no chance of success." Skandha v. Baima, 97 Mass. App. Ct. 1113 (2020). The plaintiff has failed to show any changed circumstances that might warrant termination or modification of the order. The RAJ properly dismissed the complaint against all the defendants based on the screening order.

Furthermore, relative to the complaint against the Attorney General, the plaintiff's underlying claims are met with several obstacles, all of which are fatal. To the extent the suit was brought against the Attorney General in her official capacity,

3

it is barred by sovereign immunity.  See <u>Sullivan</u> v. <u>Chief Justice for Admin. & Mgt. of the Trial Court</u>, 448 Mass. 15, 24-25, 31-33 (2006); <u>Bain</u> v. <u>Springfield</u>, 424 Mass. 758, 762-63 (1997).  If the suit is construed as against the Attorney General in her personal capacity, it is barred by absolute immunity.  See <u>Dinsdale</u> v. <u>Commonwealth</u>, 424 Mass. 176, 180 (1997); <u>Chicopee Lions Club</u> v. <u>District Attorney for the Hampden Dist</u>., 396 Mass. 244, 248 (1985).  Finally, the plaintiff lacks a judicially cognizable interest in the investigation or prosecution of other persons.  See <u>Matter of an Application for a Criminal Complaint</u>, 477 Mass. 1010, 1011 (2017); <u>Shepard</u> v. <u>Attorney Gen</u>., 409 Mass. 398, 400-401 (1991).  The complaint was properly dismissed.

<u>Judgment affirmed</u>.

By the Court (Meade, Neyman & Walsh, JJ.[4]),

Clerk

Entered:  October 31, 2025.

---

[4] The panelists are listed in order of seniority.

4